Argued and submitted May 18, 1992, reversed and remanded for reconsideration
February 17, 1993

In the Matter of the Compensation of
Jeffrey D. Skochenko, Claimant.

Jeffrey D. SKOCHENKO,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

(90-13603; CA A71813)

846 P2d 1212

Karen M. Werner, Eugene, argued the cause for petitioner. With her on the brief were Hugh K. Cole and Coons, Cole & Carey, P.C., Eugene.

John M. Pitcher, Springfield, argued the cause for respondent.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Claimant seeks review of an order of the Workers' Compensation Board upholding employer's denial of his occupational disease claim. Reviewing for substantial evidence, we reverse and remand.

Claimant, who was 31 years old at the time of the hearing, has congenital bilateral spondylolesis and spondylolythesis at L5-S1 that results in instability in the low back, and a herniated disc at L5-S1. He first had low back problems at the age of 12, after a fall. He has worked for employer for 12 years. He spends 40 percent of his time as a "fourth hand" and 60 percent of his time as a "fifth hand." As a "fourth" hand, claimant is required to do repetitive bending and twisting to stencil rolls of paper. As a "fifth hand," he is responsible for "winding" and "tapping down" rolls of paper, which requires him to jump down from a waist-high winder table to a cement floor 16 to 60 times per shift and also involves repetitive bending.

In 1985, claimant began to have pain in his low back and left buttocks. He consulted with a chiropractor, more than 50 times during the next four years. In 1989, he consulted with Dr. Parsons, a neurosurgeon, who diagnosed a preexisting congenital spondylolythesis and a preexisting spondylolesis at L5-S1. In early 1990, Parsons referred claimant to Dr. Gripekoven, an orthopedic surgeon, for consultation. An MRI scan showed the disc herniation at L5-S1. In May of 1990, claimant had surgery. Claimant is now virtually symptom free.

In June, 1990, employer denied the compensability of claimant's lumbar spondylolythesis, bilateral spondylolesis and protruded disc. Claimant sought review of those denials. The referee upheld the denials, concluding that the spondylolesis and the spondylolythesis were congenital conditions unrelated to claimant's work activities, and that "[c]laimant's work activities as a 'fourth and fifth man' made some contribution to the L5-S1 disc herniation, but were not the major cause of that herniation." The Board affirmed.

At issue is whether claimant's work activity was the *major contributing cause* of any of his low back problems. *See* ORS 656.802(2). The Board relied primarily on the opinions

of Gripekoven and Parsons in concluding that they were not. It stated that Gripekoven and Parsons "basically agree that claimant's low back problems were not caused in major part by his work activities." Claimant argues that the Board misread their medical opinions. He contends, relying on *Asten-Hill Co. v. Armstrong*, 100 Or App 559, 787 P2d 890 (1990), that, because the Board misinterpreted the reports, its decision is not supported by substantial evidence.

■■    Gripekoven and Parsons concluded that claimant's spondylolesis and spondylolythesis were congenital conditions unrelated to his work activities. Both doctors agreed that the herniated disc was caused by physical stress, but could not state whether claimant's work activities were the major contributing cause. Gripekoven said:

> "*I can not state with certainty that [claimant's] work activities were the underlying major contributing factor in the development of the disc herniation.* His work activities would be combined with all other physical activities to have contributed to the herniation. *Obviously his work activity presented a major challenge to his back but I really could not state with certainty whether this was the cause of the preponderance of stress in this area.*" (Emphasis supplied.)

Parsons stated:

> "[Claimant] was found to also have a protrusion of the lumbosacral disk, the same level as his congenital instability. The disk protrusion is felt to be the result of physical stress on the disk. The congenital instability increases the risks that physical forces may cause protrusion of the disk. * * * [T]here is no history of a single event or injury that caused the disk protrusion. It is therefore probably a culmination of physical stresses, both at work and otherwise, over a period of years that resulted in his disk protrusion. *In this circumstance there is no method to medically determine the 'major contributing factor.'* It is certainly possible that his work activities may have contributed to his disk protrusion which ultimately required surgery. *I can not state that his work activities based upon medical probability was [sic] the major contributing factor in his condition.*" (Emphasis supplied.)

The Board's statement that Gripekoven and Parsons agree that claimant's work activities were not the major cause of his herniated disc is not correct. The doctors said that they

could not determine to a reasonable degree of medical certainty that work activities were the major contributing cause of his condition. They did not say that the work activities were *not* the major cause. Particularly in view of the other medical evidence that claimant's work activity was the major contributing cause of his condition, we cannot say that the Board's misinterpretation of some of the medical evidence did not influence its ultimate conclusion about the herniated disc. Accordingly, we must reverse and remand for reconsideration. *See Asten-Hill Co. v. Armstrong, supra.*

Reversed and remanded for reconsideration of compensability of herniated disc.