Argued and submitted June 26, 1992, affirmed May 12, 1993

In the Matter of the Compensation of
James R. Clarke, Claimant.

James R. CLARKE,
*Petitioner,*

*v.*

SAIF CORPORATION
and Value Lumber Yards,
*Respondents.*

(WCB 89-12867; CA A71604)

852 P2d 208

W. Daniel Bates, Jr., argued the cause and filed the brief for petitioner.

Julie K. Bolt, Special Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Claimant seeks review of an order of the Workers' Compensation Board holding that he was medically stationary on June 16, 1989. Claimant contends that he was not medically stationary until March 27, 1990.

Claimant suffered a compensable low back injury in May, 1988, and in March, 1989, underwent surgery to repair a herniated disk. On June 16, 1989, claimant's treating physician, Dr. Rockey, reported claimant's condition:

"The patient is at a plateau of recovery from his low back disk herniation. He shows a moderately severe persisting weakness in the right lower extremity which is permanent."

Rockey prescribed a leg brace to support claimant's weak leg and ankle. Claimant was fitted for the brace in January, 1990. On March 27, 1990, Rockey approved the final fit of the brace and released claimant from further treatment.

ORS 656.268 provides that a claim shall not be closed if a worker's condition has not become medically stationary. ORS 656.005(17) defines "medically stationary" as meaning that "no further material improvement would reasonably be expected from medical treatment, or the passage of time."

Claimant contends that the prescription for the brace was medical treatment that was expected to materially improve the functional abilities of his leg. Essentially, he argues that ORS 656.005(17) is not limited to medical treatment prescribed for improving his physical condition, but also encompasses treatment prescribed solely for the improvement of his functional abilities given a particular condition. The Board adopted the referee's order that held that the provision of the brace was not "medical treatment" contemplated under ORS 656.005(17).

■■ We agree with the Board. The purpose for determining when a claimant is medically stationary is to establish the point at which a disabling condition can be rated for permanent disability. Ratings for permanent disability are on the basis of the physical condition of the claimant. ORS 656.214. Consequently, medical treatment prescribed solely to improve a claimant's functional abilities is not pertinent to

the determination of a claimant's medically stationary date under ORS 656.005(17).[1]

Claimant did not provide any evidence that the brace was prescribed to improve his physical condition. The physician's report of June 16, 1989, states that the weakness in claimant's leg is permanent and that closure would be appropriate on the basis of the lost functions described in that report. Letters from the physician to insurer in November and December, 1989, make reference to the June 16 assessment that he was medically stationary.

Affirmed.

---

[1] Claimant analogizes the prescription of the brace to the medical treatment of a compensable psychological condition. Medical treatment for the improvement of a psychological condition may be considered in determining whether a claimant is medically stationary. *Nordstrom, Inc. v. Gaul,* 108 Or App 237, 815 P2d 710 (1991). However, claimant misses the crucial distinction between that situation and his own. Medical treatment prescribed for a psychological condition must be reasonably expected to improve the compensable psychological condition itself. There is no evidence that claimant's brace was prescribed to improve the physical condition of his leg.