Argued and submitted May 9, affirmed June 19, 2002

In the Matter of the Compensation of
Steven C. Boling, Claimant.

SKYLINE/HOMETTE CORP.,
and RSKCO,
*Petitioners,*

*v.*

Steven C. BOLING,
*Respondent.*

01-00030, 00-06146; A115406

48 P3d 213

James W. Moller argued the cause and filed the briefs for petitioners.

Jean M. Fisher argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

BREWER, J.

**BREWER, J.**

Employer seeks review of an order on review of the Workers' Compensation Board that affirmed an order of the administrative law judge (ALJ) modifying an order on reconsideration to set aside employer's notices of claim closure as premature. The ALJ found that claimant's accepted foot condition was not medically stationary when employer issued claim closure notices on April 27 and September 6, 2000. Although employer asserts that the board's order is erroneous as a matter of law, our decision ultimately turns on review for substantial evidence. ORS 183.482(8)(c). We affirm.

On May 3, 1994, while working for employer, claimant fell from a ladder, injuring his right foot. Employer's insurer initially accepted a claim for a nondisabling metatarsal contusion. In December 1998, claimant had surgery on the 2-3 web space of his right foot, and, later that month, employer reopened and accepted claimant's claim as disabling, based on a Morton's neuroma of the right foot. In January 2000, claimant underwent surgery for the neuroma. Claimant was unable to return to his customary work as a boiler attendant after the surgery because of symptoms and limitations in the use of his right foot. He was released to sitting work in March. On April 18, employer's insurer denied the compensability of claimant's current right foot condition and, on April 27, it issued a notice of closure based on the current condition denial. Claimant requested reconsideration of the notice of closure, and the Department of Consumer and Business Services (DCBS) affirmed the closure in an order on reconsideration.

On July 24, claimant requested that employer add the following conditions to its acceptance of the claim: "scar tissue, right third intermetatarsal space, persistent right foot pain with metatarsalgia." On September 6, employer accepted the new conditions and issued a closure notice for those conditions on the same date. The department issued a second reconsideration order in December that addressed only the newly accepted conditions and upheld employer's September 6 closure notice. Claimant sought a hearing on

both reconsideration orders, arguing that the department should have set aside the notices of closure as premature on the ground that he was not medically stationary. The ALJ determined that claimant was not medically stationary at the time of either closure and modified both reconsideration orders to set aside the closure notices as premature. The board affirmed on review, and employer seeks judicial review of the board's order.

Employer's first assignment of error asserts that, because claimant's condition changed after the initial closure of the accepted conditions, the board erred in relying on post-closure reports from claimant's treating physician, Dr. Puziss, in determining that claimant was not medically stationary when the notice was issued.

In its second assignment of error, employer asserts that the board erred as a matter of law in setting aside both closure notices based on findings that claimant has continuing injury-related findings and limitations, and on Puziss' prescription of custom orthotics as a "palliative" measure. Employer argues that neither of those findings demonstrates that claimant was not medically stationary when the closure notices were issued.

There is conflicting medical evidence in the record. Dr. Courogen, the insurer's examining physician, opined that claimant had been medically stationary since December 1994. The medical arbiters reported that claimant was medically stationary when they examined him on August 16, 2000. Dr. Noall, who performed claimant's two surgeries, stated on March 6, 2000, that claimant was not yet medically stationary. Noall was at a loss at that time to determine how to help claimant further. Puziss first examined claimant on May 23, 2000, after the first closure notice was issued. Puziss recommended surgery that he believed would improve claimant's gait. When employer rejected the request for surgery, Puziss stated that he had limited further options to offer in the way of treatment. Through at least September 6, 2000, Puziss opined that claimant's condition was not medically stationary. The board found Puziss' opinion to be most persuasive on the issue of whether claimant was medically stationary.

■     Employer's first assignment is unavailing if Puziss' opinion reasonably can be understood to focus on claimant's status as of the date of initial claim closure. *Scheuning v. J. R. Simplot*, 84 Or App 622, 735 P2d 1, *rev den* 303 Or 590 (1987). It can be. In his May 23 report, for example, Puziss opined that claimant's "symptoms still relate to the original injury of 1994. I do not believe there is any relationship to any new problem or congenital problem." Substantial evidence supports the determination that Puziss described conditions and limitations that were ongoing and predated the initial date of closure.

■ ■     Employer's second assignment of error addresses both closure notices. It focuses, for its asserted force, on the meaning of the term "medically stationary." An employer is permitted to close an accepted claim when the compensable conditions have become medically stationary. ORS 656.268(1). An injured worker is medically stationary when "no further material improvement would reasonably be expected from medical treatment, or the passage of time." ORS 656.005(17). The fact that a worker has continuing symptoms or limitations does not demonstrate that the worker is not medically stationary. *Daquilante-Richards v. Cigna Ins. Cas.*, 149 Or App 682, 688, 945 P2d 91 (1997). Nor does treatment that is only palliative establish that an injured worker's condition is not stationary. *See Clarke v. SAIF*, 120 Or App 11, 13-14, 852 P2d 208 (1993) (prescription of a leg brace that would only improve claimant's functional abilities did not establish that he was not medically stationary).

Employer claims that the board considered factors that were not material to a determination of whether claimant's condition was medically stationary at the relevant times. Specifically, employer argues that the ALJ improperly relied on the existence of objective findings and the prescription of custom orthotics to support his determination that claimant was not medically stationary. According to employer, the ALJ's consideration of those factors discloses a lack of substantial reason requiring us to remand to the board for reconsideration of the case under the proper governing principles. *See Skochenko v. Weyerhaeuser Co.*, 118 Or App 241, 245, 846 P2d 1212 (1993) (reversing and remanding

where the board's misinterpretation of medical evidence may have influenced its ultimate conclusion).

Employer's argument does not accurately characterize the board's reasoning, as taken from the ALJ's opinion. In his "discussion of findings," the ALJ explained:

"[Puziss] offers the most thorough and logical explanation of his opinion that claimant has not been medically stationary. He offers a detailed critique of Dr. Courogen's report and opinion that claimant's conditions are no longer due to his work injuries. * * * He persuasively found that claimant continued to have objective findings and limitations due to his accepted conditions. Even after [Puziss'] request for surgery was denied, he continued to conclude that claimant needs custom orthotics."

Considered in context, the ALJ's mention of "objective findings and limitations due to [claimant's] accepted conditions" pertains to *causation*; it directly follows the reference to Courogen's opinion that claimant's conditions "are no longer due to his work injuries." Contrary to employer's assertion, the remark does not suggest that the ALJ believed that the existence of objective findings establishes that claimant's condition was not medically stationary.

Likewise, the ALJ's mention of orthotics must be viewed in its proper context. In the first clause of the same sentence, the ALJ referred to the request for surgery that employer rejected. Puziss recommended orthotics in the form of arch supports as a means of determining what the next step in the course of claimant's treatment should be. That course led Puziss in July to recommend surgery to *improve* claimant's gait and not as a *palliative* measure. Even if the orthotics only permitted claimant to function better, they were prescribed as part of a course of treatment aimed at overall improvement of claimant's condition. *Cf. Clarke*, 120 Or App at 13-14. Viewed ungrudgingly, the ALJ's opinion is supported by substantial reason. Because Puziss' opinion constitutes substantial evidence that claimant's accepted conditions were not medically stationary through the date of the second closure notice, the board did not err.

Affirmed.