Argued May 24, affirmed July 15, petition for rehearing denied August 24, petition for review denied October 5, 1971

YOUNGREN, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND, *Respondent.*

487 P2d 107

*John J. Haugh,* Portland, argued the cause for appellant. With him on the brief were Charles Paulson and O'Connell, Goyak, Haugh & Loew, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

This is a workmen's compensation case and the issue is the compensability of a claim resulting from a fatal heart attack which occurred while the decedent was working on the job. The hearing officer found that medical causation had not been established. The Workmen's Compensation Board and the circuit court agreed with the hearing officer. The claimant appeals from the circuit court's ruling.

Knute Youngren, 62-year-old refrigeration foreman, died on the job November 25, 1968, a victim of atherosclerotic and thrombotic occlusion of a coronary artery of the heart. About two years previously he had had a heart attack from which he had recovered. On the fatal day he had reported to work at the usual time with no appearance of any physical distress and had commenced some welding work on a scaffold about 15 feet above floor level where the temperature was uncomfortably warm. He had apparently continued welding for about one-half hour when a commotion

was heard and Mr. Youngren was discovered slumped on some conduit about four feet below the level of the work scaffold. During the morning the decedent had made several ascents and descents between the floor level and the work space over one or another indirect route via stairwell and thence across pipes and conduit. He died on the scaffold before medical aid could be summoned. The hearing officer found legal causation had been established inasmuch as decedent was engaged in his work activity.

■ ■ The issue then becomes one of medical causation. Medical causation is present if the work-related stresses or exertion were a material contributing factor in producing the heart attack. *Mayes v. Compensation Dept.*, 1 Or App 234, 461 P2d 841 (1969). On the question of medical causation, two medical experts testified. One was a cardiologist and the other a specialist in internal medicine. The latter believed that the work activity was unusual and was a significant contributing factor in the death. The cardiologist, on the contrary, was of the opinion that decedent's activity on the day of death did not contribute significantly to his death. Both doctors agreed that work effort may play a material role in precipitating a heart attack. The hearing officer found that decedent's activities at the time of his demise were common to his normal way of performing his work. He concluded, accepting the cardiologist's view, that medical causation was not established.

■ The burden was upon the claimant to establish her claim by a preponderance of the evidence. *Coday v. Willamette Tug & Barge,* 250 Or 39, 440 P2d 224 (1968). We cannot disagree with the three prior determinations that claimant has failed to do so.

Affirmed.