Argued August 20, reversed October 28, reconsideration denied
December 4, 1974, petition for review denied January 28, 1975

RIUTTA, *Respondent, v.* MAYFLOWER FARMS,
INC. (No. 29616), *Appellant.*
527 P2d 424

*Ridgway K. Foley, Jr.,* Portland, argued the cause for appellant. With him on the brief were Robert E. Joseph, Jr., and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

*Jeanyse R. Snow,* Astoria, argued the cause for respondent. With her on the brief were Lawrence M. Dean, and Macdonald, Dean, McCallister & Snow, Astoria.

Before SCHWAB, Chief Judge, and FOLEY and TANZER, Judges.

FOLEY, J.

Claimant, a 53-year-old driver-salesman, worked hard for many years in the dairy industry without known heart problems until, beginning several months before June 1971, suspicious symptoms started appearing, peaked by an attack of coronary insufficiency (coronary arteries supplying insufficient blood to the heart muscle) on June 25, 1971, during a period of vigorous work activity. He was hospitalized by his family doctor for coronary treatment and discharged as symptomless on July 1, 1971, with a diagnosis of

arteriosclerotic heart disease with coronary insufficiency. He filed a workman's compensation claim contending that he suffered a myocardial infarction (death of tissue in the area in the middle muscular layer of the heart wall) as a result of his work and seeking compensation for permanent injury. The claim was denied by the employer and claimant requested a hearing. Employer by a partial admission-partial denial admitted responsibility for treatment of myocardial ischemia (akin to coronary insufficiency; anemia of localized tissue of the heart wall due to lack of inflow of arterial blood) arising out of the claimant's employment but alleged that its liability ceased upon claimant's discharge from the hospital asymptomatic on July 1, 1971. Employer alleged that claimant suffers from long-term, preexisting coronary artery disease and did not suffer a myocardial infarction in the course and scope of his employment. The hearing officer and the Workmen's Compensation Board agreed with the employer and sustained its partial admission-partial denial. The circuit court disagreed, finding that claimant suffered a small myocardial infarction and remanded the claim to the Board to determine "the extent of permanent partial disability * * *." The employer appeals.

■ The burden is on the claimant to establish his claim by a preponderance of the evidence, in heart cases as elsewhere. *Coday v. Willamette Tug & Barge,* 250 Or 39, 440 P2d 224 (1968); *Youngren v. SAIF,* 6 Or App 297, 299, 487 P2d 107 (1971).

■ In order to establish a compensable heart case the claimant must establish legal causation and medical causation. *Coday v. Willamette Tug & Barge,* supra.

■ The claimant may prove legal causation by showing that he was exerting himself in a normal and usual way in the performance of his job; he need not demonstrate unusual stress. *Clayton v. Compensation Department,* 253 Or 397, 454 P2d 628 (1969); *Coday v. Willamette Tug & Barge,* supra; *Anderson v. S.A.I.F.,* 5 Or App 580, 485 P2d 1236 (1971). Legal causation was established in this case.

■ Proof of medical causation requires expert medical testimony establishing that the stress or exertion experienced in the course of employment constituted a material, contributing factor producing the heart attack. *Coday v. Willamette Tug & Barge,* supra; *Mayes v. Compensation Dept.,* 1 Or App 234, 461 P2d 841 (1969). Medical causation presents a question of fact. *Mayes v. Compensation Dept.,* supra.

The present case presents an issue of medical causation which is slightly different from the normal heart case. It is agreed that claimant suffered at least a temporary myocardial ischemia on June 25, 1971. The parties disagree as to what followed subsequently. Claimant contends he suffered a myocardial infarction resulting in some degree of permanent impairment and the employer claims that claimant suffered a temporary episode of coronary insufficiency from which he recovered without permanent effect or damage on July 1, 1971.

■ Medical evidence was elicited principally from two doctors, Dr. Herbert E. Griswold, cardiologist, by written reports, and Dr. Donald N. Wysham, cardiologist, who testified at the hearing. The hearing officer accurately summarizes their evidence:

"* * * * *

"Dr. Griswold first saw claimant in November,

1971 at which time electrocardiographic findings were definitely abnormal. Dr. Griswold admits that it is impossible to say whether or not claimant had had a frank infarction in June of 1971 or sometime thereafter, but he does see evidence suggestive of a healing process of an infarction that occurred sometime in 1971. Also, Dr. Griswold explains the lack of positive enzyme findings in claimant's record by pointing out that acute coronary insufficiency can produce a small loss of muscle and scarring which could be evidenced by persistent electrocardiographic changes. From his review of the total record, he feels that claimant probably suffered a small infarction on the job in June, 1971.

"In Dr. Wysham's view there is sufficient evidence to indicate that claimant has long suffered from coronary artery disease, first evidenced by lesser heart symptoms sometime before the episode on June 25, 1971. In his view, claimant had been restored to his pre-June 25th condition by the time he was released from the hospital on July 1, 1971. He agrees that claimant is unable to return to his former job but blames this on the natural progression of the underlying disease process.

"Dr. Wysham first examined claimant in connection with this claim on August of 1971 and appears to have had a closer relationship to the claim generally than has Dr. Griswold. It is interesting that, by January 15, 1973 Dr. Griswold had had the benefit of reading the transcript of Dr. Wysham's testimony at the hearing. Dr. Griswold continues to disagree with Dr. Wysham as to the occurrence of an infarction, but otherwise concedes that 'most of Dr. Wysham's testimony I agree with.'

"* * * * *"

Convinced more by the testimony of Dr. Wysham than by Dr. Griswold, the hearing officer as well as the Board concluded that the work activity produced only a temporary aggravation of claimant's under-

lying coronary artery disease on or about June 25, 1971, and that employer would be responsible only for time loss and medical expense to July 1, 1971.

In our de novo review we do not agree with the trial court that the evidence preponderates that claimant suffered a myocardial infarction. Rather, we agree with the determination made by the Board in which it succinctly stated:

"* * * * *

"Although there are conflicting medical opinions they support the fact that claimant suffered from coronary artery disease prior to the [June] 25, 1971 episode and the effects of the claimant's work activities on claimant's heart had ceased by the time he was discharged from the hospital on July 1, 1971. In other words, the work activities caused the claimant's temporary episode of coronary insufficiency but the progression of the underlying condition is responsible for his present disability.

"* * * * * *"

Reversed.