Argued May 20, affirmed July 5, reconsideration denied August 11, 1977, petition for review pending

EDWARDS, *Appellant,*

*v.*

STATE ACCIDENT INSURANCE FUND, *Respondent.*

(No. 76-8-264A, CA 7597)

566 P2d 189

Larry D. Moomaw, Beaverton, argued the cause for appellant. With him on the brief was Blyth, Porcelli & Moomaw, Beaverton.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

THORNTON, P. J.

## THORNTON, P. J.

The issue in this workmen's compensation appeal is whether claimant's present physical problems are the result of a fall which she sustained in 1973. Claimant appeals from an order of the circuit court affirming the decisions of the hearings referee and a majority of the Workmen's Compensation Board (Board), and denying compensation for urethritis and cystourethrocele (urological conditions).

On September 10, 1973, while at work, claimant slipped and fell, striking her left hand on a desk and landing on her right hip. The injury report identified claimant's injuries as a broken bone in the left hand and a bruised right hip with internal hemorrhaging. Subsequent to this original fall and its treatment, claimant experienced pain in the pelvic region and on July 24, 1974, an arthrodesis of the symphysis pubis was performed for which compensation was granted.[1] In October of 1974 claimant had surgery for urological conditions. The State Accident Insurance Fund (SAIF) denied responsibility for the urological conditions and that denial prompted these proceedings.

The burden is on the claimant to establish, by a preponderance of the evidence, that the particular disability was legally and medically caused by a compensable accident. *Riutta v. Mayflower Farms, Inc.,* 19 Or App 278, 527 P2d 424 (1974), Sup Ct *review denied* (1975). Medical causation presents a question of fact and proof of medical causation requires expert medical testimony establishing that, in this case, the slip and fall were material, contributing factors producing the urological conditions.

The medical evidence in this case is inconclusive. None of the doctors queried flatly stated that there was a causal connection between the injury and the urological conditions. Two of the doctors indicated the

---

[1] An "arthrodesis" is a fusion type of surgical procedure. The "symphysis pubis" is the cartilaginous joint between the two pubic bones.

possibility of a causal connection and one stated, "I find nothing in the record that would indicate that the urethritis was secondary to the previous injury."

Claimant, while recognizing the uncertainty of the medical evidence, argues that a "natural inference," based on the timing and location of the condition, arises establishing a causal relationship between the fall and the urological conditions. In a complex and technical medical problem like the etiology of a urethritis or a cystourethrocele condition we are not prepared to indulge a "natural inference" where the medical evidence has failed to do so. *Volk v. Birdseye Division,* 16 Or App 349, 518 P2d 672, Sup Ct *review denied* (1974), cited by claimant, is not to the contrary. In *Volk* the medical evidence on the etiology of a uveitis was considerably stronger than the etiological evidence here, and we were persuaded in a case where "the question is a close one under the evidence," 16 Or App at 356, that claimant had established the requisite causal relationship. We conclude differently in this case.

Affirmed.