Argued and submitted July 29, 1981, affirmed in part; reversed
in part and remanded with instructions January 25, 1982

In the Matter of the Compensation of
Michael A. Brooks, Claimant.

## BROOKS,
*Petitioner,*

*v.*

## D & R TIMBER,
*Respondent.*

(WCB Case No. 79-10425, CA A20435)

639 P2d 700

Thomas E. Sweeney, Cannon Beach, argued the cause for petitioner. With him on the brief was Sweeney & Casterline, Cannon Beach.

Margaret H. Leek Leiberan, Portland, argued the cause for respondent. With her on the brief was Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

WARDEN, J.

## WARDEN, J.

In this workers' compensation case, claimant appeals from an order of the Board which modified the opinion and order of the referee and held that surgery performed on claimant's left knee was not causally related to a compensable industrial injury. Claimant also appeals the portion of the order reducing the attorney fee award from $750 to $450.

While working in the woods as a choker setter, claimant sustained an injury when a choker hook struck his left knee. Claimant immediately sought medical treatment and, after a series of ineffective conservative procedures, was scheduled for surgery. The pre-operation diagnosis was "possible torn meniscus, left knee."[1] The surgical procedure consisted of an arthroscopy,[2] during which no meniscal tear was observed. The arthroscopy did, however, lead to a diagnosis of a synovial plica (a fold in the membrane lining the knee joint). Upon discovery of the plica, the arthroscope was removed, the incision closed and a new incision was made for the purpose of repairing the folded membrane.

In a post-operative report, Dr. Harris evaluated claimant's condition as follows:

"The synovial plica is a poorly understood phenomenon. The relationship, if any, to trauma has not been definitely proven. * * * I would tend to consider this an idiopathic condition, although the trauma to this portion of the knee reported by the patient on 9-17-79 may have been instrumental in causing the condition to become symptomatic. * * *"

Claimant's claim was initially denied. After a hearing, the referee ordered that the claim be approved and compensation awarded. The opinion and order stated, in part:

"Based upon all of the evidence in the record I find that claimant did sustain an injury to his left knee on September 17, 1979. The evidence shows that claimant had no

---

[1] The meniscus is a fibro-cartilage within the joint.

[2] Arthroscopy is a procedure by which a device, the arthroscope, is surgically inserted into a joint, enabling a surgeon to view the internal structures of the joint.

prior left knee problems or injuries. Claimant's testimony is corroborated by Mr. Fahlstrom who admits that claimant immediately reported to him that he had been hit and injured himself and that claimant was limping. The following day claimant sought medical treatment and reported the injury to the doctor. I further find based upon the medical evidence that it is medically probable that the treatment which claimant received including surgery was the result of the injury which he incurred."

The order included an award of attorney fees in the amount of $750.

On review, the Board modified the order of the referee, stating in part:

" * * * We find, as [the referee] did, that claimant's claim is compensable. We also find, however, that the surgery performed by Dr. Harris is not compensably related to his industrial injury based on the evidence presented. Dr. Harris reported that synovial plica, which he felt was a poorly understood phenomenon, and any relationship to trauma has not been proven, * * * .

" * * * * *

"Claimant's surgery performed by Dr. Harris is found not [to] be causally related to his compensable industrial injury.

"The attorney fee granted by the Referee at the hearing level is reduced from $750 granted by the Referee in his order to $450, payable by the employer/carrier."

■　　On appeal to this court, claimant first assigns as error the Board's conclusion that surgery performed on claimant's knee was not compensable. Under the provisions of ORS 656.245(1), a claimant is entitled to medical services "for such period as the nature of his injury or the process of recovery requires," if he proves by a preponderance of the evidence that his condition resulted from a compensable injury. *McGarry v. SAIF,* 24 Or App 883, 888, 547 P2d 654 (1976). Employer does not contest the Board's finding that claimant's injury is compensable. The sole issue, therefore, is whether claimant's "condition" was causally related to that injury.

■　　Medical causation presents a question of fact, and proof of medical causation requires expert medical testimony establishing that the impact to the knee, in this case,

was a material contributing factor in producing the condition which required the surgery. *Edwards v. SAIF,* 30 Or App 21, 23, 566 P2d 189 (1977). The medical evidence as to the cause of the synovial plica is inconclusive. Dr. Harris could not say that the blow to claimant's knee created the synovial plica or caused that condition to become symptomatic. We agree with the Board that claimant has not sustained his burden of proving that the synovial plica was caused by the choker hook striking his knee and, therefore, that the surgery to repair it was "not compensably related to his industrial injury."

■     That does not mean, however, that none of the surgical procedure is compensable. Dr. Harris performed the arthroscopy, thinking that the industrial injury might have produced a tear in the meniscus. The medical record supports a determination that the blow to claimant's knee directly resulted in the need for exploratory surgery. When no meniscal tear was discovered, Dr. Harris withdrew the arthroscope and proceeded to operate on the part of the knee affected by the synovial plica. Had the arthroscopy been performed in a separate surgery, it would have been a compensable medical service related to the treatment of claimant's knee injury. We conclude that, under the circumstances of this case, where there was a separate exploratory procedure performed as a result of the industrial injury, that procedure is compensable, even though the subsequent procedure relieving the idiopathic condition is not. *See Vester v. Diamond Lumber Co.,* 21 Or App 587, 535 P2d 1373 (1975), where a non-injury-related aneurysm discovered during diagnosis and treatment of a back injury was held not compensable.

■     Claimant's second assignment of error is that the Board erred in reducing the referee's award of attorney fees. The referee awarded claimant $750 in attorney fees for prevailing on a previously disallowed claim. ORS 656.386. The employer, D & R Timber, appealed the order of the referee, but did not contest the amount of attorney fees awarded in either its request for review or in its brief. Upon review, the Board upheld the referee's determination that the claim was compensable. Claimant prevailed on a previously disallowed claim *at the Board level,* and the

Board was without authority to reduce the award of attorney fees on its own motion. *See Moe v. Ceiling Systems,* 44 Or App 429, 434, 606 P2d 644 (1980).

The case is remanded to the Board with instructions to enter an order that claimant is entitled to medical expenses associated with the arthroscopy, but not expenses associated with the repair of the synovial plica; and we reverse the portion of the order which reduced the award of attorney fees.