Argued and submitted June 15, reversed and remanded for reconsideration
August 4, 1933

In the Matter of the Compensation of
Betty Barnett, Claimant.

Betty BARNETT,
*Petitioner,*

*v.*

SAIF CORPORATION
and The Shaw's Lounge,
*Respondents.*

(91-06319; CA A76833)

857 P2d 228

Robert G. Dolton, Clackamas, argued the cause and filed the briefs for petitioner.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Claimant petitions for judicial review of a Workers' Compensation Board (Board) order denying her claim for benefits. We reverse.

The following facts are not in dispute. Claimant worked as a bartender for The Shaw's Lounge on and off for 15 years. On July 15, 1989, she compensably injured her upper back (near the shoulder blade) while lifting cases of beer. The claim was closed without an award for disability. On March 21, 1991, near the end of her shift, claimant restocked the bar, which required her to lift cases of beer from an overhead shelf in a walk-in refrigerator and place them on the floor. She came out of the refrigerator appearing pale and distressed, and told a customer that she had "pulled the heck out of my back" while pulling a case of beer from a shelf. Although visibly in pain, claimant finished her shift. She believed it was too late in the evening to seek medical treatment.

The next morning claimant's lower back pain had not abated. She reported to work limping and suffering from low back pain, muscle spasms and bilateral leg pain. Approximately one hour after her shift began, the owner and manager asked her, "How are you going to work like this today?" Claimant responded that she was waiting for another employee to arrive to work for her. The manager relieved her of her duties so she could seek medical attention. Claimant went directly to the hospital emergency room, where she explained the history of her injury to the staff. Emergency room physician Dr. Kimball diagnosed low back strain and referred claimant to Dr. Cummings. Cummings subsequently referred claimant to Dr. Ure, a back specialist. Ure diagnosed lumbosacral strain.

Claimant filed a claim. SAIF denied compensability, stating that "there is insufficient evidence that your low back pain is the result of either a work-related injury or disease." At a hearing on that denial, claimant and her witnesses testified that she suffered severe low back pain lifting a case of beer, for which she sought medical treatment the next morning. Claimant had not experienced low back pain prior to the March 21 work incident.

The referee found that claimant and her witnesses were credible, that her injury was demonstrated by objective medical evidence, and that she had had no low back problems before March 21, 1991. Nonetheless, he affirmed SAIF's denial. He concluded that claimant had not established "medical causation," because "no doctor has tendered any medical opinion about the cause-effect relationship between claimant's work activities (injury) and the post-March 21, 1991 back condition." The Board affirmed.

■ To establish a compensable injury, an injured worker must prove by a preponderance of the evidence that the injury occurred in the course of employment, and that the disability and/or need for medical treatment was caused by the employment. ORS 656.005(7)(a); ORS 656.266. The fact of an injury must be established by medical evidence. ORS 656.005(7)(a). Where a claimant's injuries are of such a nature as to require skilled and professional persons to establish causation, expert medical evidence is necessary to meet the burden of proof. *Madewell v. Salvation Army*, 49 Or App 713, 717, 620 P2d 953 (1980).

■ Claimant argues that the Board erred in holding that expert testimony was necessary to establish that the March 21 incident at work caused her lumbosacral strain. SAIF contends that *Edwards v. SAIF*, 30 Or App 21, 566 P2d 189, *rev den* (1977), creates a *per se* rule that expert testimony is always required to establish such causation.

In *Edwards*, the claimant fell at work, compensably breaking her hand and bruising her hip. Subsequently, she experienced pain in her pelvic region, requiring an anthrodecis of the symphysis pubis, a surgical procedure to fuse the cartilaginous joint between the two pubic bones. Three months later, the claimant had surgery for urological conditions. SAIF denied her claim for that surgery. The medical evidence that claimant's urological condition was caused by her compensable injury was inconclusive. On *de novo* review, she argued that we should find the requisite medical causation as a natural inference drawn from the timing and location of the injury. We held:

"In a complex and technical medical problem like the etiology of a urethritis or a cystourethrocele condition[,] we are not prepared to indulge a 'natural inference' where the medical evidence has failed to do so." 30 Or App at 24.

This case is not complex. The facts are virtually identical to those in *Uris v. Compensation Department*, 247 Or 420, 427 P2d 753, 430 P2d 861 (1967). In that case, the plaintiff claimant was moving books into a college library. He suffered a sharp pain in his low back when he reached out to prevent a load of books from falling off a book cart. The injury was diagnosed as "chronic lumbosacral (low back) strain." The defendant employer contended that medical testimony was essential to establish causation. The court held that it was not, and enumerated relevant factors for determining whether expert testimony of causation is required: (1) whether the situation is complicated; (2) whether symptoms appear immediately; (3) whether the worker promptly reports the occurrence to a superior; (4) whether the worker previously was free from disability of the kind involved; and (5) whether there was any expert testimony that the alleged precipitating event could not have been the cause of the injury. 274 Or at 426. The court specifically held that expert medical testimony establishing causation of the plaintiff claimant's lumbosacral strain was not required because "there is nothing very complicated about such an injury and its cause." 247 Or at 427. *See also Madewell v. Salvation Army, supra*, 49 Or App at 713, 717-18, and cases there cited; *Westmoreland v. Iowa Beef Processors*, 70 Or App 642, 465, 690 P2d 1105 (1984), *rev den* 298 Or 597 (1985).

In this case, claimant suffered immediate pain in her low back when she pulled a case of beer from an overhead shelf while at work. Employer was not on the premises at the time, but claimant reported the injury to those who were present and reported it to her employer the next morning. She sought medical treatment for the injury within 24 hours. Prior to the work incident, she had been in good health and had never before experienced low back problems. Finally, no expert testimony suggested that pulling the case of beer from the overhead shelf could not have been the cause of claimant's lumbosacral strain.

On these facts, the Board erred in holding that claimant was required to introduce expert medical testimony to prove causation.

Reversed and remanded for reconsideration.