Argued and submitted February 2, reversed and remanded for reconsideration June 28, 1995

In the Matter of the Compensation of
Gaylynn Grant, Claimant.

## SAIF CORPORATION
and Dammasch State Hospital,
*Petitioners,*

*v.*

Gaylynn GRANT,
*Respondent.*

(93-03010; CA A83802)

897 P2d 1200

James W. Moller, Special Assistant Attorney General, argued the cause for petitioners. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Robert Wollheim argued the cause for respondent. With him on the brief was Welch, Bruun, Green & Wollheim.

Before Deits, Presiding Judge, and Riggs* and De Muniz, Judges.

De MUNIZ, J.

---

* Riggs, J., *vice* Haselton, J.

## De MUNIZ, J.

Employer seeks review of a Workers' Compensation Board order setting aside its denial of claimant's left elbow claim. We reverse and remand for reconsideration.

On February 7, 1991, claimant, a mental health therapist, was attacked by a patient and suffered compensable injuries to her ribs, chest, left shoulder and neck. Employer accepted the claim. After returning to work, she was again injured while subduing another combative patient. On April 6, 1991, claimant had an emergency appendectomy. On September 16, 1991, claimant changed her attending physician to Dr. Takacs. Takacs diagnosed cervical, thoracic and rib strain and developing chronic pain syndrome. In January 1992, claimant was awarded permanent partial disability based on the February attack.

Claimant subsequently entered a vocational program to train as a medical assistant. In September 1992, claimant returned to Takacs complaining of a gradual onset of left hand numbness and pain while performing typing and computer work in the training program. Takacs diagnosed a left ulnar nerve lesion of the left elbow, and reported that claimant's condition was caused by her vocational training rather than by her previous injury.

Takacs referred claimant to Dr. Baum for surgical consultation. On February 25, 1993, Baum diagnosed ulnar nerve compression at the left elbow. Employer denied the claim for surgery on claimant's left elbow. After a hearing, the referee accepted Takacs' opinion that claimant's left elbow condition was not related to her original injury.

The Board reversed the referee's order. It explained that the medical evidence indicated that claimant's original injury included left elbow symptoms. The Board reasoned:

> "We are more persuaded by Dr. Baum's opinion than that of Dr. Takacs, because Dr. Takacs did not have claimant's complete medical history. Based on Dr. Baum's opinion, we conclude that claimant's left ulnar nerve lesion is directly related to the industrial accident."

The Board concluded that, because claimant's left elbow condition was directly related to her original injury, the

material contributing cause standard applied and claimant's condition was compensable.

On review, employer asserts that substantial evidence does not support the Board's finding that Takacs did not have claimant's complete medical history. Employer points to a September 16, 1991, report that the Board did not address, in which Takacs states:

> "Patient is a 38-year old white female who was seen today complaining of neck, upper back, left rib and left arm pain. Patient reports she had a Workmens' Comp injury on 2/7/91 while working as a mental health therapist tech at Dammasch. She had to take down a combative patient. She cracked some ribs and had a shoulder and neck injury. She was seen at Meridian Park Emergency Room. X-rays were taken which showed rib fractures. There was some question of a ruptured spleen. She had a scan and it was unremarkable. She began seeing Dr. Erde in February who referred her to PT with S. Solonick, R.P.T. at the TMJ Clinic. He treated her with modality sprain and stretch; it [did] not help and in fact she would be very sore the day after she was seen. She returned to work for a couple of days, was injured again taking down another patient and, before she had healed from that, on 4/6/91 had an emergency appendectomy. * * * She has responded to Flexeril, Orudis and Skeletor. * * * She tried TENS unit for the last three weeks, perhaps it helped some, she is not sure."

Employer is correct. Takacs' letter, which was included in the record for the Board's review, is inconsistent with the Board's explanation that Takacs did not have claimant's complete medical history.

The only evidence that arguably supports the Board's finding that Takacs did not have claimant's complete medical history is a "Change of Attending Physician" form, which was completed by claimant and Takacs. The Board is correct that the form did not contain any language concerning claimant's history. However, the form does not contain a section that permits an explanation of the patient's medical history or the cause of a patient's condition. We agree with employer's argument that the "Change of Attending Physician" form was not intended to provide for a patient's complete medical history. The Board erred when it relied on the

form to find that Takacs lacked claimant's complete medical history.

Nonetheless, claimant points out that Baum's opinion, which the Board found persuasive, constitutes substantial evidence in support of the Board's decision that her left elbow condition was directly related to her compensable claim. That argument ignores the defect in the Board's order. We review the Board's order for, among other things, the existence and soundness of its rationale to determine whether it is supported by substantial reason. *Furnish v. Montavilla Lumber Co.*, 124 Or 622, 625, 863 P2d 523 (1993).

The Board's conclusion that Takacs lacked claimant's complete medical history, based on its incorrect evaluation of the "Change of Attending Physician" form, deprives the order of substantial reason and requires reversal. *See Skochenko v. Weyerhaeuser Co.*, 118 Or App 241, 245, 846 P2d 1212 (1993). We cannot speculate whether, had the Board correctly evaluated Takacs' opinion, it still would have found Baum's opinion more persuasive.

We do not address employer's other contentions, because, on remand, the Board may adopt different findings or conclusions that resolve them.

Reversed and remanded for reconsideration.