Argued and submitted August 7, 1996, affirmed March 5, 1997

In the Matter of the Compensation of
James R. Counts, Claimant.
James R. COUNTS,
*Petitioner,*

*v.*

INTERNATIONAL PAPER COMPANY,
*Respondent.*

(WCB 94-11842; CA A91834)

934 P2d 526

Jon C. Correll argued the cause and filed the brief for petitioner.

Paul L. Roess argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Claimant seeks judicial review of an order of the Workers' Compensation Board denying the compensability of diagnostic medical services for a noncompensable condition. We review for errors of law, ORS 656.298(6), ORS 183.482(8), and affirm.[1]

Self-insured employer accepted a claim for a "left chest wall soft tissue injury" for an injury that claimant sustained on the job. A month later, claimant checked into a hospital to have a series of diagnostic tests done to determine whether the chest pain that he was then suffering was caused by coronary heart disease or a myocardial infarction. Employer subsequently issued a partial denial of claimant's "multiple cardiac risk factors" and refused to pay for the diagnostic tests. The Board concluded after a hearing that the diagnostic tests were not compensable. Claimant sought judicial review.

■ The Workers' Compensation Law is intended to compensate employees injured on the job. ORS 656.012(2). To qualify for coverage under the law, claimant must prove that he suffered a compensable injury, as defined by ORS 656.005(7)(a). Claimant met that burden in this case. Once claimant established that he had suffered such an injury, he was entitled to "medical services for conditions *caused in material part* by the injury." ORS 656.245(1)(a) (emphasis supplied). Thus, for the diagnostic services at issue to be compensable, claimant had to show that his compensable injury made those tests necessary.

■ Generally, when the diagnostic services are related to noncompensable conditions, such a showing is impossible. The exception to that proposition is illustrated by *Brooks v. D & R Timber*, 55 Or App 688, 692, 639 P2d 700 (1982). In

---

[1] Claimant's first assignment of error asserts that "there is no evidence that claimant's heart symptoms began only after his chest wall discomfort improved." We review that assignment for substantial evidence, ORS 656.298(6), ORS 183.482(8), and conclude that there is substantial evidence to support the inference that claimant's heart symptoms began only after his chest wall discomfort had improved. Claimant does not question any other factual findings made by the Board.

*Brooks*, the claimant suffered a compensable left knee injury while at work. *Id.* at 691. The claimant's doctor believed that the injury might have produced a tear in the meniscus of claimant's knee. *Id.* at 692. Therefore, the doctor ordered exploratory surgery of the knee. *Id.* During the exploratory surgery, the doctor discovered that the claimant's knee condition was not a torn meniscus but a nonwork-related condition. *Id.* We held that, although the exploratory surgery ultimately served only to discover the existence of a noncompensable condition, it was still compensable because the surgery was initially performed because of the work-related, compensable injury. *Id.* at 692. Thus, if diagnostic services are necessary to determine the cause or extent of a compensable injury, the tests are compensable whether or not the condition that is discovered as a result of them is compensable.

Here, the Board considered the record and concluded that the diagnostic procedures were initially conducted because of claimant's high risk of heart disease, not because the doctors were concerned that claimant's compensable injury had caused a myocardial infarction or coronary heart disease. Thus, the Board concluded that claimant had failed to meet the *Brooks* standard; it therefore denied the compensability of those services.

Claimant does not argue that the Board lacked substantial evidence in the record to find that he had failed to meet the *Brooks* standard. Instead, claimant argues that that standard is too narrowly drawn. He asserts that diagnostic services related to a noncompensable condition should be compensable if those services, by eliminating or confirming a noncompensable condition, help determine whether a claimant's symptoms are actually related to the compensable injury. Claimant does not, however, offer any explanation as to how that standard can be reconciled with the current Workers' Compensation Law, which only requires employers to pay for "medical services for conditions caused in material part by the injury." ORS 656.245(1)(a). Thus, we conclude that the Board applied the proper legal standard, and we affirm its order denying the compensability of the diagnostic services.

Affirmed.