Argued and submitted March 14, reversed and remanded for reconsideration
December 27, 2000

In the Matter of the Compensation of
Luis G. Moreno, Claimant.

Luis G. MORENO,
*Petitioner,*

*v.*

MENLO LOGISTICS, INC.,
*Respondent.*

(WCB 98-03849; CA A107054)

16 P3d 1177

R. Adian Martin argued the cause and filed the brief for petitioner.

Kenneth Kleinsmith argued the cause for respondent. With him on the brief was Meyers, Radler, Replogle, Roberts & Miller.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Claimant seeks review of an order of the Workers' Compensation Board reversing an order of the administrative law judge (ALJ) and upholding employer's denial of a claim for low back strain due to lack of proof of medical causation. We reverse the Board and remand the case for reconsideration.

The facts, for purposes of the issues presented for review, are largely undisputed. The Board found that claimant fell at work on April 21, 1998, when his right foot caught on the lip of a trailer that he had been unloading and his left leg went down in the space between the dock and the trailer. On April 22, 1998, claimant sought treatment at an urgent care clinic for complaints of pain involving the upper back, neck, and lower back. On a Form 827, filed with employer on April 22, claimant described his symptoms as "back of my neck left side and lower back hurt." Claimant again visited the urgent care clinic on April 27, 1998, and the admitting nurse wrote: "Was in on 4/22 with neck and back injury. Neck pain improved but continues to have left lower back and hip pain." The physician noted on the same form that claimant "[h]ad neck, shoulder stiffness that has improved with rest." The physician noted that claimant reported "lumbar pain with numbness left lat thigh and painful gait." The doctor diagnosed "lumbar strain with left radiculopathy."

Claimant saw Dr. Pierson on April 29, 1998, who noted that claimant had reported falling at work and straining his neck. "He was seen in the Urgent Care the same day and was mainly complaining of left neck and upper back pain." Pierson further reported:

"The neck gradually improved, however, over the ensuing days he has developed pain in the low back and around the left hip area with numbness in the anterior left thigh. * * *

"Presently, he continues to have numbness in the anterior left thigh, but no real radiation of pain down the leg. He basically points around the left hip region as the area of discomfort and toward the low back."

Pierson diagnosed a cervical strain, lumbar strain, and probable hip strain. Neither the ALJ nor the Board described in detail the medical record before claimant's visit to Pierson, other than to note that "[t]he diagnoses made at the urgent care facility were cervical strain (trapezius) and lumbar strain."

On May 5, 1998, claimant gave a statement to an investigator for employer's insurer, saying that immediately after falling he felt a little bit of pain in the hip at the outside surface, but that at night after the fall he experienced "shocking pain" on the inside of his hip. He made no mention of neck or low back pain. On May 8, 1998, employer denied a claim for low back injury, stating that "[t]here is insufficient evidence that your employment at Menlo Logistics either caused or contributed to your low back condition."

Claimant testified at the August 10, 1998, hearing regarding his symptoms immediately after the fall:

"Q:   All right. Can you tell us the kind of problems you were having at that time?

"A:   Mainly it was the soreness of my hip and—from the impact, it was probably with—probably three or four days my neck was hurting, but mainly, mainly was my—my injury on my—on my—on my hip."

The Board understood claimant's testimony to be inconsistent with his description of the injury given earlier to Pierson. It accepted claimant's testimony as the definitive description of his symptoms.

In discussing the question of medical causation, the Board noted that Pierson had been asked in his deposition about objective findings of injury and that his testimony was directed to that issue. He offered no express opinion addressing medical causation. The Board said, "[a]pparently, claimant is relying on Dr. Pierson's diagnoses of cervical strain, lumbar strain, and left hip strain as evidence that he sustained such conditions as a result of the work incident." The Board said that, "[w]hether or not diagnoses, by themselves, can establish medical causation," it did not find Pierson's opinion sufficient in light of the discrepancies between the symptoms claimant described at hearing and those on which

Pierson had relied. It held that claimant had failed to establish the compensability of his claim because he had not shown medical causation.

Initially, we reject claimant's contention that the Board could not address the question of medical causation in its order because employer waived the issue. We have examined the record and conclude that there was no waiver.

**1, 2.** We next address claimant's contention that medical causation of claimant's low back injury is so readily apparent that it need not be established by expert opinion. *Uris v. Compensation Dept.*, 247 Or 420, 426, 427 P2d 753 (1967); *Barnett v. SAIF*, 122 Or App 279, 283, 857 P2d 228 (1993). The relevant factors for determining whether expert opinion on medical causation is required are: (1) whether the situation is complicated; (2) whether the symptoms appeared immediately; (3) whether the worker reported the occurrence to a superior; (4) whether the worker previously was free from disability of the kind involved; and (5) whether there was any expert opinion that the alleged precipitating event could not have been the cause of the injury. *Uris*, 247 Or at 426.

The question of whether medical causation can be determined without an expert opinion is a close one, but we conclude that the situation here is too complicated to be within that category. In the first place, although the Board apparently found that claimant's symptoms "arose at the same time as the fall," there was some inconsistency in the record as to the onset of claimant's symptoms. Furthermore, the relation between the mechanism of the injury and the diagnoses are not so obvious as to eliminate the necessity of expert opinion.

The Board determined that it could not rely on Pierson's opinion to support a finding of medical causation, because Pierson "did not rely on an accurate history." Specifically, the Board focused on what it considered to be the inconsistency between Pierson's statement that claimant's low back and hip symptoms arose "over the ensuing days" and claimant's testimony that he felt hip pain immediately after the fall. The Board said:

"In this regard, Dr. Pierson relied on a history that the onset of claimant's low back and left hip pain was a few days *after* the work incident; as claimant's statement and testimony shows, his symptoms, *and in particular the left hip pain,* arose at the same time as the fall. *Because Dr. Pierson did not rely on an accurate history, we do not find his chart note establishes causation.*" (Emphasis added.)

We conclude, for several reasons, that the Board has not adequately explained its rejection of Pierson's opinion. First, we do not read Pierson's report to be that hip and low back symptoms had their *onset* a few days after the incident. Pierson said that the symptoms arose "over the ensuing days," which means in the days following the injury. Secondly, we do not understand how the discrepancy is material to the question of medical causation of the low back strain. It is undisputed that in the days after his injury, claimant had pain in his low back. Six days after his injury, a nurse at the urgent care clinic noted that claimant "continues to have left lower back and hip pain." The physician on duty at the urgent care clinic reported "lumbar pain with numbness left lat thigh and painful gait." Pierson's report that claimant complained *mainly* of neck and upper back pain immediately after the injury is not inconsistent with those medical notes. Additionally, claimant's statement to the investigator and his testimony at hearing that it was his hip that hurt most after the injury is not necessarily inconsistent with a low back strain.

In summary, the Board has not adequately explained its rejection of Pierson's report based on an inconsistency with claimant's testimony that does not appear to be material to the question of medical causation of the low back strain. *SAIF v. Grant,* 135 Or App 293, 297, 897 P2d 1200 (1995). Accordingly, we remand the claim to the Board for reconsideration in light of our conclusion that any inconsistency between Pierson's report and claimant's testimony does not justify the Board's disregard of the medical report for the purpose of determining medical causation of the low back strain.

Reversed and remanded for reconsideration.