Argued and submitted August 22, 2005, award of attorney fees reversed; otherwise affirmed April 19, petition for review denied August 15, 2006 (341 Or 244)

In the Matter of the Compensation of
Todd E. Cole, Claimant.

## AIG CLAIM SERVICES INC.
### and the Boeing Company,
*Petitioners,*

*v.*

Todd E. COLE,
*Respondent.*

02-04695; A126397

133 P3d 357

Jerald P. Keene argued the cause and filed the briefs for petitioners.

Floyd H. Shebley argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Deits, Judge pro tempore.

DEITS, J. pro tempore.

## DEITS, J. pro tempore

Employer seeks review of an order of the Workers' Compensation Board determining that claimant's discography[1] was causally related to his accepted back condition and constituted a "compensable" medical service. Employer contends that the board exceeded its jurisdiction in determining that the diagnostic procedure was "compensable" and also erred in awarding attorney fees under ORS 656.386. We agree with employer that the board erred in awarding attorney fees and reverse the award.

Claimant, a sandblaster, suffered a compensable back injury when a grating on which he was standing gave way, causing him to fall into a pit beneath the grating and to become wedged between some metal plates. Employer accepted a low back strain, cervical strain, and left rib and shoulder contusions. In the course of diagnosing claimant's back condition, claimant's physician ordered imaging studies of the lumbar spine, including x-rays, MRIs, and a CAT scan, for which employer paid. Claimant sought acceptance of multiple disc conditions. While the claim was still open, claimant's physician ordered that claimant undergo a lumbar discography at all five lumbosacral vertebra levels. Employer declined to pay for the discography, contending, among other arguments, that it was not an effective diagnostic tool.

This case initially concerns the respective authority of the board and the director to resolve disputes relating to the compensability of medical services. ORS 656.704(3) addresses that question:

"(a) For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter, and for determining the procedure for the conduct and review thereof, matters concerning a claim under this chapter are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue. However, subject to paragraph (b) of this subsection, such

---

[1] The term "discography" is defined in the Taber's Cyclopedia Medical Dictionary 473 (15th ed 1985), as "[u]se of a contrast medium injected into the intervertebral disk in order to examine it by x-ray."

matters do not include any disputes arising under ORS 656.245, 656.248, 656.260, 656.327, any other provisions directly relating to the provision of medical services to workers or any disputes arising under ORS 656.340 except as those provisions may otherwise provide.

"(b) The respective authority of the board and the director to resolve medical service disputes, other than disputes arising under ORS 656.260, shall be determined according to the following principles:

"(A) Any dispute that requires a determination of the compensability of the medical condition for which medical services are proposed is a matter concerning a claim.

"*(B) Any dispute that requires a determination of whether medical services are excessive, inappropriate, ineffectual or in violation of the rules regarding the performance of medical services, or a determination of whether medical services for an accepted condition qualify as compensable medical services among those listed in ORS 656.245(1)(c), is not a matter concerning a claim.*

"*(C) Any dispute that requires a determination of whether a sufficient causal relationship exists between medical services and an accepted claim to establish compensability is a matter concerning a claim.*

"(D) The board and the director shall adopt rules to facilitate the fair and orderly determination of disputes that involve matters concerning a claim and additional issues. Such rules shall first require the determination of those issues that are matters concerning a claim."[2]

(Emphasis added.)

ORS 656.704(3)(b) sets out three types of medical service disputes that potentially arise in the context of a claim, and establishes which forum has jurisdiction to resolve them: (1) A dispute concerning the compensability of the medical condition for which medical services are proposed is a "matter concerning a claim" and is within the jurisdiction of the board. ORS 656.704(3)(b)(A). (2) A dispute concerning

---

[2] ORS 656.704 was amended in 2005, Or Laws 2005, ch 26, § 15, but those amendments are not applicable to this case. All references to the statute in this opinion are to the preamendment version.

whether medical services are excessive, inappropriate, ineffectual, or in violation of the rules regarding the performance of medical services, or whether medical services for an accepted condition qualify as compensable medical services among those listed in ORS 656.245(1)(c), is not "a matter concerning a claim" and falls within the jurisdiction of the director. ORS 656.704(3)(b)(B). (3) A dispute concerning whether a sufficient causal relationship exists between medical services and an accepted claim to establish compensability is a matter concerning a claim, within the jurisdiction of the board. ORS 656.704(3)(b)(C).

This case involves the second and third type of dispute. Employer raised questions regarding both the causal relationship of the diagnostic service to the compensable injury and its efficacy. Under ORS 656.704(3)(b)(C), the issue of the causal relationship of the diagnostic service to the compensable injury is within the jurisdiction of the board. Under ORS 656.704(3)(b)(B), the issue of the efficacy of the service is within the jurisdiction of the director.

In this case, after employer refused to pay for the discography, claimant's physician initiated a proceeding before the director to determine the compensability of the diagnostic service. The department, on its own motion, determined that, initially, the matter involved a dispute concerning the causal relationship of the discography to the compensable injury under ORS 656.704(3)(b)(C), and transferred the matter to the board's hearings division.

The ALJ who heard the matter held that, although employer disputed whether a discography is effective as a diagnostic procedure, that question was not before her or within her jurisdiction because that is a matter within the exclusive jurisdiction of the director under ORS 656.704(3)(b)(B). The ALJ concluded that she had jurisdiction to address whether the discography was causally related to the accepted injury pursuant to ORS 656.704(3)(b)(C).

■ Citing *Counts v. International Paper Co.*, 146 Or App 768, 934 P2d 526 (1997), the ALJ noted that, generally, services related to the diagnosis of a claim are compensable if necessary to determine the cause or extent of the claimant's compensable injury. In *Counts*, we cited our opinion in *Brooks v.*

*D & R Timber*, 55 Or App 688, 692, 639 P2d 700 (1982), for the rule that "if diagnostic services are necessary to determine the cause or extent of a compensable injury, the tests are compensable whether or not the condition that is discovered as a result of them is compensable." 146 Or App at 771. The ALJ found that the purpose of the discography was to determine the extent of claimant's compensable injury and, consequently, the discography constituted "compensable diagnostic services." The ALJ then reasoned that because medical services were a form of compensation, she had the authority to order the insurer to reimburse the providers for these services and did so. The ALJ also awarded claimant an insurer-paid attorney fee under ORS 656.386(1) for having prevailed on the issue of whether the discography was a compensable diagnostic medical service. Employer appealed the ALJ's order to the board.

The board agreed that the ALJ had authority to determine whether there was a causal relationship between the disputed medical services and the accepted injury and also agreed with the ALJ's determination that the discography was a compensable diagnostic measure related to the accepted condition. The board concluded, however, that the remaining issues regarding the medical services dispute, namely whether the services were medically appropriate and whether claimant was entitled to reimbursement for the services, were not within its authority, but within the exclusive authority of the director under ORS 656.704(3)(b)(B). Consequently, the board vacated that part of the ALJ's order purporting to resolve the "propriety" of the treatment/reimbursement issue, and directed the ALJ to issue an order transferring that matter back to the director for further action on those issues. The board also concluded that it could award attorney fees under ORS 656.386(1)(a) for that aspect of the claim concerning the causal relationship between the medical services and the injury that it had decided in claimant's favor. The board therefore affirmed the ALJ's award of attorney fees.

Employer seeks judicial review of the board's decision regarding attorney fees. It is undisputed that the board has exclusive jurisdiction to determine whether the medical services are causally related to the compensable injury and

that the director has exclusive jurisdiction to determine whether the treatment was medically appropriate. Employer concedes that the board appropriately exercised its jurisdiction in determining that the diagnostic treatment was prompted by the need to determine the cause or extent of the compensable injury. Employer does not challenge the board's determination that the physician's purpose in ordering the discography was to diagnose a compensable condition. Employer also agrees with the board's conclusion that the question of whether the proposed discography was a medically appropriate diagnostic tool was within the exclusive jurisdiction of the director pursuant to ORS 656.704(3), and that the board was therefore correct in remanding that aspect of the case to the director. Employer concedes that it must pay for the diagnostic procedure if the director concludes that it was medically appropriate.

■   Employer's disagreement with the board's order is with the board's affirmance of the ALJ's holding that the discography constituted *"compensable* diagnostic services." Employer argues that determining that the discography was ultimately compensable was premature and exceeded the board's jurisdiction. According to employer, the medical service could not finally be deemed "compensable" until it is also determined that the service was medically appropriate under ORS 656.704(3)(b)(B). Further, employer asserts, because the question of the appropriateness of the diagnostic service was still at issue, the board should not have awarded attorney fees to claimant, because, at that time, claimant had not finally prevailed on the issue of compensability. Employer argues alternatively that attorney fees were not properly awarded by the board because this proceeding did not involve a "denied claim" under ORS 656.386(1). On review to this court, employer asks for "clarification" of the law on the question of compensability and a reversal of the award of attorney fees.

It is claimant's position that, after the board's holding that the discography constituted "compensable medical services," the only issue remaining for the director's consideration was the reasonableness and necessity of the treatment. That issue, according to claimant, does not bear on the compensability of the diagnostic test; rather, it bears on

whether the service provider should be "reimbursed." Accordingly, claimant argues that, having prevailed before the board on the question of compensability, he is entitled to attorney fees under ORS 656.386(1).

The language of the board's decision is somewhat unclear. The board correctly explained that it agreed with employer that the director had exclusive authority to determine whether medical services are "excessive, inappropriate, ineffectual or in violation of the rules regarding the performance of medical services" and "whether medical services for an accepted condition qualify as compensable medical services among those listed in ORS 656.245(1)(c)[.]" ORS 656.704(3)(b)(B). The board held that, because that authority is vested in the director, it did not have authority to order reimbursement of the disputed medical services. Based on those conclusions, the board then ordered that the portion of the ALJ's order "that purported to resolve the 'propriety' of the treatment/reimbursement issues" should be vacated. Arguably, that was meant to include the language of the ALJ's order concluding that these were "compensable medical services." In the order portion of its decision, however, the board vacated only that portion of the ALJ's opinion that ordered payment for the services and expressly affirmed the remainder of the ALJ's decision. Because of that, it is unclear whether the board agreed with the ALJ that, having found that the diagnostic services were related to claimant's accepted condition, the services were "compensable," and all that remained for the director to determine was whether claimant should be *reimbursed* for the services. Claimant understands the board to have so held and asserts that deciding if the diagnostic services are medically appropriate under ORS 656.704(3)(b)(B) is not an assessment of "compensability" but, rather, involves only the issue of reimbursability.

Employer, on the other hand, argues that deciding whether particular diagnostic services are medically appropriate under ORS 656.704(3)(b)(B) is an essential aspect of the compensability of the medical services. In other words, according to employer, in a case such as this, where both the causal connection of the medical services and the appropriateness of the medical services are challenged by the employer, both questions must be resolved favorably to

the claimant before the services may be considered "compensable."

We agree with employer's interpretation of the statutes. When, in a case such as this, the employer challenges the causal relationship of the services to the compensable claim, ORS 656.704(3)(b)(C), *and also* asserts that the medical services are excessive, inappropriate, or ineffectual under ORS 656.704(3)(b)(B), *both* issues must be resolved favorably to the claimant for the medical services to be "compensable." Contrary to claimant's contention, reimbursability is a necessary aspect of compensability. If a medical service is not medically appropriate under ORS 656.704(3)(b)(B), then the service is not compensable. Accordingly, we conclude that, when a medical services claim has been challenged both under ORS 656.704(3)(b)(B) and (C), both issues must be resolved for a complete determination of compensability. To the extent that the board's order suggests that the compensability of the claim had been fully determined, it erred.

■ Employer's second assignment of error is that the board erred in issuing an order assessing an attorney fee when only one aspect of compensability was found by the board to be satisfied. In making the assessment, the board relied on its earlier decision in *Sonny Roman*, 56 Van Natta 1706 (2004), reasoning that, because it had jurisdiction over one aspect of the compensability of this medical services dispute and because claimant prevailed on the aspect within the board's jurisdiction, it had authority to assess an attorney fee for prevailing on that part of the claim.

We disagree with the board. The statute authorizing attorney fees is ORS 656.386, which provides, in part:

"(1)(a) In all cases involving denied claims where a claimant finally prevails against the denial in an appeal to the Court of Appeals or petition for review to the Supreme Court, the court shall allow a reasonable attorney fee to the claimant's attorney. In such cases involving denied claims where the claimant prevails finally in a hearing before an Administrative Law Judge or in a review by the Workers' Compensation Board, then the Administrative Law Judge or board shall allow a reasonable attorney fee. In such cases involving denied claims where an attorney is instrumental

in obtaining a rescission of the denial prior to a decision by the Administrative Law Judge, a reasonable attorney fee shall be allowed.

"(b) For purposes of this section, a 'denied claim' is:

"(A) A claim for compensation which an insurer or self-insured employer refuses to pay on the express ground that the injury or condition for which compensation is claimed is not compensable or otherwise does not give rise to an entitlement to any compensation[.]"

Under the language of this statute, a fee is awarded only when a claimant "prevails finally" over a denied claim. The plain language of the statute simply does not authorize attorney fees when a claimant prevails on one aspect of the determination of compensability. Although the decision-making authority regarding the two issues involved in this medical services dispute is split between the board and the director, this case involves only one medical services dispute. A claimant cannot be said to have "prevailed finally" until both aspects of the challenge to the medical services claim have been decided in favor of claimant. Accordingly, the board erred in awarding attorney fees under these circumstances.[3]

Award of attorney fees reversed; otherwise affirmed.

---

[3] In view of our disposition of this argument, it is unnecessary to address employer's alternative argument that this case did not involve a "denied claim."