On respondent's petition for reconsideration filed September 15, and appellant's response to petition for reconsideration filed September 22, reconsideration allowed; former opinion (237 Or App 113, 240 P3d 56) clarified and adhered to as clarified November 17, 2010, petition for review allowed March 25, 2011 (350 Or 130)

Nancy E. PETOCK,
*Plaintiff-Appellant,*

*v.*

ASANTE,
fka Asante Health System,
dba Rogue Valley Medical Center,
a domestic nonprofit corporation,
*Defendant-Respondent.*

Jackson County Circuit Court
081041L7; A141216

243 P3d 822

Robyn Ridler Aoyagi and Tonkon Torp LLP for petition.

Craig A. Crispin for response.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

**SCHUMAN, J.**

Defendant petitions for reconsideration of our decision in *Petock v. Asante*, 237 Or App 113, 240 P3d 56 (2010), a case involving "the interplay between the 'Unlawful Discrimination Against Injured Workers' statutes, ORS 659A.040 to 659A.052, and workers' compensation law." *Id.* at 115. In that decision, we considered two issues. First, we addressed "whether a compensable *aggravation* of a prior compensable *injury* is itself a new injury for purposes of starting a new three-year limitation period" on reinstatement or reemployment rights under the anti-discrimination statutes. *Id.* (emphasis in original). Second, we considered whether an injury that plaintiff suffered in 2005 "was, in fact, a new injury or an aggravation as processed." *Id.* On the latter issue, we concluded that the record was susceptible to competing inferences as to whether a new compensable injury had been suffered in 2005, as opposed to an aggravation of an earlier compensable injury. *Id.* at 123.

In its petition for reconsideration, defendant now contends that our decision "creates new law on the issue of medical causation in Oregon" by not requiring sufficiently clear expert testimony to establish the compensability of the 2005 injury. *See, e.g., Brooks v. D & R Timber*, 55 Or App 688, 691-92, 639 P2d 700 (1982) ("Medical causation presents a question of fact, and proof of medical causation requires expert medical testimony establishing that the impact to the knee, in this case, was a material contributing factor in producing the condition which required the surgery."). Whether plaintiff's expert testimony was adequate to prove "medical causation" for purposes of the workers' compensations statutes, however, was not the subject of defendant's motion for summary judgment. *See* ORCP 47 C ("No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party *on the matter that is the subject of the motion for summary judgment.*" (Emphasis added.)). Defendant's motion for summary judgment was based on the theory that plaintiff's reinstatement or reemployment rights ran from the date of her 2002 injury, and not from the date of some later aggravation of that injury. Plaintiff's response

was two-fold: that the limitation period ran from the date of a later aggravation, or, alternatively, that she suffered a separate injury, and not an aggravation, in 2005.

In addressing the second of plaintiff's arguments, we considered whether she had presented evidence from which a trier of fact could have concluded that her 2005 injury was a separate compensable injury as opposed to an aggravation of her 2002 injury. We concluded, viewing plaintiff's declaration and an expert's deposition testimony in the light most favorable to plaintiff, that the record contained evidence from which a factfinder could conclude that plaintiff suffered a new and separate injury—as opposed to an aggravation—when she tore her meniscus in 2005. That issue of fact precluded summary judgment on the question whether plaintiff's reinstatement or reemployment rights had expired for purposes of ORS 659A.043(3)(a)(F) (reinstatement) or ORS 659A.046(3)(f) (reemployment).

We did not express any opinion as to whether plaintiff's evidence was sufficient to establish "medical causation" for purposes of compensability under the workers' compensation statutes. As noted above, that was not the subject of defendant's summary judgment motion, which was based solely on whether plaintiff's reinstatement and reemployment rights had expired. If defendant wishes to challenge plaintiff's ability to prove "medical causation" with respect to her claimed injury, it may do so on remand in a motion that adequately raises the matter.

In sum, we adhere to our original opinion, with this clarification: that our opinion should not be read by the parties, or by anyone else, as making new law on the question of what evidence is necessary to establish compensability, with respect to medical causation or otherwise.

Reconsideration allowed; former opinion clarified and adhered to as clarified.