# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53964-1-II |
| Respondent, | |
| v. | |
| DEPREE RAMONE SMITH, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Dupree Smith appeals his conviction for second degree unlawful possession of a firearm.  He argues that his convictions for both first degree unlawful possession of a firearm and second degree unlawful possession of a firearm constitute a violation of double jeopardy because he is being punished twice for a single unit of prosecution: the uninterrupted possession of a single firearm. The State concedes that Smith's conviction is violative of double jeopardy and must be vacated.  We accept the State's concession and remand to the trial court to vacate the conviction for second degree unlawful possession of a firearm and to resentence Smith.

FACTS

In February 2019, Smith was arrested for being a minor in possession of marijuana. While police were arresting Smith, a handgun fell out of his pocket.  Smith had prior convictions that prevented him from possessing a firearm, including second degree attempted assault with a deadly weapon (RCW 9A36.021), and second degree malicious mischief (RCW 9A.48.080). The State charged Smith with two counts: first degree unlawful possession of a firearm (RCW

9.41.040(1)(a)), predicated by his assault conviction as a prior "serious offense" defined under RCW 9.41.010(28)[1] and second degree unlawful possession of a firearm (RCW 9.41.040(2)(a)), predicated by his other prior felony conviction. A jury found Smith guilty on both counts, and the trial court sentenced him on both counts, to be served concurrently. Smith appeals.

ANALYSIS

I. DOUBLE JEOPARDY

Smith argues that his two convictions violate the prohibition against double jeopardy because they constitute one unit of prosecution. The State concedes that Smith is correct and that Smith's conviction for second degree unlawful possession of a firearm should be vacated. We agree.

A. *Legal Principles*

The United States Constitution and the Washington Constitution provide that no person shall be twice put in jeopardy for the same offense. U.S. CONST. amend. V; WASH. CONST. art. I, § 9. This prohibition against double jeopardy forbids the government from imposing multiple punishments for the same offense. *State v. Classen*, 4 Wn. App. 2d 520, 531, 422 P.3d 489 (2018). We review claims of double jeopardy de novo. *Classen*, 4 Wn. App. 2d at 531.

"When a defendant is convicted of violating one statute multiple times, each conviction can withstand scrutiny under double jeopardy standards only if each one is a separate unit of prosecution." *Classen*, 4 Wn. App. 2d at 531. The unit of prosecution is the scope of the criminal act that the legislature intended to punish under a specific criminal statute. *State v.*

---

[1] "Serious offense" was defined under subsection 24 of this section in a prior version of this chapter, as was referenced in the charging document at trial. LAWS OF 2018, ch. 7, § 1

*Reeder*, 184 Wn.2d 805, 825, 365 P.3d 1243 (2015). The unit of prosecution for a crime may be

a single act or it may be a course of conduct. *State v. Tvedt*, 153 Wn.2d 705, 710, 107 P.3d 728

(2005). Ascertaining legislative intent, a task requiring statutory interpretation, is necessary to

determine whether each violation of one statute corresponds to separate units of prosecution.

*Reeder*, 184 Wn.2d at 825. "[W]hen a statute defines a crime as a course of conduct over a

period of time, 'then it is a continuous offense.'" *State v. Kenyon*, 150 Wn. App. 826, 834, 208

P.3d 1291 (2009) (alteration in original) (quoting *State v. McReynolds*, 117 Wn. App. 309, 339,

71 P.3d 663 (2003)).

B.      *Sentence Violates the Constitutional Prohibition Against Double Jeopardy*

To determine the unit of prosecution, we examine the plain language of the statute.

*Classen*, 4 Wn. App. 2d at 531. If a definition of the unit of prosecution is not unambiguously

provided in the statutory language, we turn to the legislative history of the statute. *Classen*, 4

Wn. App. 2d at 531. We resolve any ambiguity in favor of the defendant under the rule of lenity.

*Classen*, 4 Wn. App. 2d at 531.

> Division Three of this court has analyzed the statute in question in *State v. Mata*:
>
> Subsection (1)(a) makes it a crime for a person convicted of a serious offense to own or have possession of "any" firearm, without tying the commission of the crime to a particular duration of ownership or possession or to the location of the firearm. Subsection (7) of the statute provides, "Each firearm unlawfully possessed under this section shall be a separate offense." RCW 9.41.040(7). Each firearm therefore constitutes a separate unit of prosecution. *In re Pers. Restraint of Shale*, 160 W[n].2d 489, 500, 158 P.3d 588 (2007).

180 Wn. App. 108, 117-18, 321 P.3d 291 (2014).

In *Mata*, Division Three reversed a conviction of unlawful possession of a firearm where

a defendant was twice prosecuted in two jurisdictions for possessing the same firearm on the

same day during a multi-county crime spree. 180 Wn. App. at 120. In the prior trial resulting in his acquittal, the State charged Mata for possessing a pistol that was found in a stolen van recovered incident to arrest in Pierce County. 180 Wn. App. at 112-13. In the latter trial resulting in his conviction, the State charged Mata for possessing the same pistol earlier that day during the commission of an armed robbery in Yakima County. 180 Wn. App. at 112-13.

The *Mata* court concluded that the crime of unlawful possession was a "course of conduct" that could be violated multiple times with a single firearm if there was an "interruption in possession." 180 Wn. App. at 120. Because the State did not offer evidence of an "interruption in possession" that would evidence "distinct, separately chargeable" crimes, the *Mata* court held that the conviction must be reversed, reasoning that Mata's acquittal for possession of the firearm for a portion of that day barred further prosecution for his possession during the remainder of the day. 180 Wn. App. at 120. We agree with *Mata* that multiple offenses of RCW 9.41.040 involving a single firearm, for purposes of double jeopardy, would require separate and discrete periods of interrupted possession.

Here, there is no dispute that Smith was convicted twice under RCW 9.41.040 for the singular, uninterrupted possession of a single firearm. We hold that Smith's right to be free from double jeopardy was violated because Smith is being punished multiple times for the same single unit of prosecution.

C.      *Vacation of Lesser Offense is Warranted*

The remedy for double jeopardy from multiple convictions is the vacation of the lesser offense. *State v. Marchi*, 158 Wn. App. 823, 829, 243 P.3d 823 (2010). Because Smith was convicted for both first and second degree unlawful possession of a firearm in violation of the

No. 53964-1-II

prohibition against double jeopardy, the proper remedy is to remand to the trial court to vacate the second degree unlawful possession of a firearm conviction, and resentence Smith.

We remand to the trial court to vacate the second degree unlawful possession conviction and resentence Smith.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

_____
Maxa, J.

_____
Melnick, J.