Argued and submitted January 15, reversed with instruction to dismiss proceeding March 9, 1988

In the Matter of the Compensation of
Richard A. Moore, Claimant.

EBI COMPANIES et al,
*Petitioners,*

*v.*

MOORE,
*Respondent.*

(WCB 86-00561; CA A44104)

750 P2d 1194

Richard Wm. Davis, Portland, argued the cause for petitioners. With him on the brief were Alley W. Lyons and Davis, Bostwick, Scheminske & Lyons, Portland.

Charles D. Maier, Salem, argued the cause for respondent. With him on the brief was Gatti, Gatti, Maier, Smith and Associates, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

In this workers' compensation case, claimant's employer and its insurer seek review of a Workers' Compensation Board order affirming the referee's determination that insurer violated a disputed claim settlement agreement. Insurer contends that, because claimant is not a real party in interest, his request could not invoke the referee's and Board's jurisdiction. It further argues that, even if the Board had jurisdiction, it erred in holding insurer in violation of the settlement.

The referee made these findings:

"Claimant was compensably injured October 14, 1984. Apparently, the condition involved was the upper back area or neck area. The claim was accepted.

"Claimant filed a claim for a disabling psychiatric condition, alleging the condition was compensable in relationship to the October 14, 1984, industrial injury. EBI resolved the issue of compensability of the psychiatric condition under a Disputed Claims Settlement Agreement of October 3, 1985. The agreement, in part, provided that EBI Companies would 'resolve outstanding medical billings of Dr. Albert Sheff and hold claimant harmless from any such bills which are understood to total, at this time, the approximate sum of $1,358.10.' EBI Companies paid the sum of $679.05 only. Claimant understood, at the time of the execution of the agreement, that the sum of $1,358.10 would be paid * * *."

The Board affirmed the referee's conclusion that claimant's request to enforce the settlement agreement was a claim over which he had jurisdiction and ordered insurer to pay claimant's medical bills in full.

■■ ORS 656.289(4), under which the insurer paid, provides:

"Notwithstanding ORS 656.236, in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a referee, the board or the court, by agreement make such disposition of the claim as is considered reasonable. If disposition of a claim referred to in ORS 656.313(3) is made pursuant to this subsection and the insurer or self-insured employer and the affected medical service and health insurance providers are unable to agree on the issues of liability or the amount of reimbursement to the medical service and health insurance providers, and the amount in dispute

is $2,000 or more, those matters shall be settled among the parties by arbitration in proceedings conducted independent of the provisions of this chapter. If the amount in dispute is less than $2,000, the insurer or self-insured employer shall pay to the medical service and health insurance provider one-half the disputed amount. As used in this subsection 'health insurance' has the meaning for that term provided in ORS 731.162."

We agree with claimant that the referee and Board had jurisdiction to enforce the agreement but conclude that the insurer has not breached it. Because this was a disputed claim settlement and the amount in issue was less than $2,000, the insurer was entitled to "resolve" the outstanding medical bill of Sheff as it did by paying one-half of the bill. Claimant's unilateral understanding that the bill would be paid in full was not part of the contract.

In the settlement, insurer promised to "hold [claimant] harmless from any such bills." The effect of the agreement was to provide claimant with indemnity against claims made by medical services providers. It follows that claimant may enforce the agreement only if insurer ever fails to indemnify him in the event that he is required to defend against or pay the balance of the medical bill.

Reversed with instruction to dismiss the proceeding.