Argued and submitted June 6, affirmed December 7, 1988

In the Matter of the Compensation of
James W. Howard, Claimant.

HOWARD,
*Petitioner,*

*v.*

LIBERTY NORTHWEST INS. et al,
*Respondents.*

(WCB 86-11692; CA A46394)

765 P2d 223

Michael G. Erwert, Wilsonville, argued the cause and filed the brief for petitioner.

Kay E. Kinsley, Salem, argued the cause for respondents. With her on the brief was Kevin L. Mannix, P. C., Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

Warren, J., dissenting.

## BUTTLER, P. J.

In this workers' compensation case, claimant seeks review of a Board order affirming the referee's determination that he is not entitled to a penalty for employer's delay in paying him the amount agreed upon in a disputed claim settlement agreement. ORS 656.289(4).

The threshold question is whether the Board has jurisdiction to enforce the agreement. In *EBI Companies v. Moore,* 90 Or App 99, 750 P2d 1194 (1988), we held that the Board had jurisdiction over a dispute between the claimant and the insurer where the claimant asserted that the insurer had violated the terms of a disputed claim settlement by not paying all outstanding medical bills in full, as it had allegedly agreed to do. Employer's argument here raises questions regarding the Board's jurisdiction that were not considered in *Moore* and require further consideration. We conclude, however, that the Board has jurisdiction to enforce such agreements.

The Hearings Division of the Board has jurisdiction over all "disputes and controversies *regarding matters concerning a claim* under ORS 656.001 to 656.794, and for conducting such other hearings and proceedings as may be prescribed by law." ORS 656.708. (Emphasis supplied.) ORS 656.283(1) provides that "any party * * * may at any time request a hearing *on any question concerning a claim.*" (Emphasis supplied.) ORS 656.704 provides, in part:

"(1)   Actions and orders of the director, and administrative and judicial review thereof, *regarding matters concerning a claim* under ORS 656.001 to ORS 656.794[,] are subject to the procedural provisions of ORS 656.001 to ORS 656.794 and such procedural rules as the board may prescribe.

"(2)   Actions and orders of the director and the conduct of hearings and other proceedings pursuant to ORS 656.001 to ORS 656.794, and judicial review thereof, *regarding all matters other than those concerning a claim* under ORS 656.001 to 656.794, are subject only to ORS 183.310 to 183.550 and such procedural rules as the director may prescribe. * * *

"(3)   For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under ORS 656.001 to 656.794, and for determining the procedure for the conduct

and review thereof, *matters concerning a claim under ORS 656.001 to 656.794 are those matters under which a worker's right to receive compensation, or the amount thereof, are directly in issue.*" (Emphasis supplied.)

Matters directly concerning a worker's right to receive compensation come before the Board and its appointed agents and are subject to review pursuant to ORS chapter 656. Matters other than those in which the worker's right to compensation is directly in issue come before the director and his appointed agents and are subject to review pursuant to ORS 183.310 to ORS 183.550. "Compensation" is defined as "all benefits, including medical services, *provided for a compensable injury* to a subject worker or the worker's beneficiaries by an insurer or self-insured employer pursuant to this chapter." ORS 656.005(8). (Emphasis supplied.)

When claimant filed his claim, which employer denied, there is no question but that the dispute directly involved "a worker's right to receive compensation." Because it did, it could be resolved only within the workers' compensation system, either by order or, if there were a *bona fide* dispute over the compensability of the claim, by agreement, with the approval of the referee, the Board or the court. ORS 656.289(4).

The agreement here provides that "[t]his claim shall remain denied and that no legal rights related to this claim, either present or future, express or implied, shall survive the settlement of this claim, and none shall arise after the settlement of this claim." The amount agreed upon was to be paid "in lieu of any and all compensation claimed by Claimant." Employer contends that, because it did not agree that the claim was compensable, and it has never been determined to be, the payment to which claimant is entitled under the agreement is not "compensation" as defined in ORS 656.005(9). Accordingly, it concludes that a proceeding brought to enforce the agreement does not involve the worker's right to compensation, and is not, therefore, a "matter concerning a claim" over which the Board has jurisdiction.

Although the solution is not free from doubt, we conclude that, because the agreement resolved a dispute involving a worker's right to receive compensation, which was resolved,

as it must have been, within the workers' compensation system by an agreement which the Board had jurisdiction to approve or disapprove, the Board has jurisdiction to supervise its enforcement. Accordingly, claimant is entitled to a hearing on any question concerning it. ORS 656.283.

■        On the merits, as we have stated, the payment to which claimant was entitled under the agreement is not "compensation." We are not aware of any statutory provision that would authorize the assessment of a penalty under these circumstances.

Affirmed.

**WARREN, J.,** dissenting.

In *EBI Companies v. Moore,* 90 Or App 99, 750 P2d 1194 (1988), we held that the Board had jurisdiction to decide a dispute between the claimant and the insurer concerning the terms of a disputed claim settlement. After further consideration of that question, I would reach the opposite conclusion. The Board has jurisdiction only over matters concerning a claim. ORS 656.704(1). A "matter concerning a claim" is defined as a matter "under which a worker's right to receive compensation, or the amount thereof [is] directly in issue." As the majority states, the amount agreed to be paid under the disputed claim settlement is expressly agreed to be "in lieu of any and all compensation claimed by Claimant." Accordingly, the settlement payment is not compensation. I would hold, therefore, that a proceeding brought to enforce the agreement does not involve the worker's right to compensation and is not, therefore, a "matter concerning a claim" over which the Board has jurisdiction. I therefore conclude that we should remand to the Board for dismissal of the appeal for lack of jurisdiction and therefore disagree with the majority's affirmance on the merits.