Argued and submitted July 8, 2010, affirmed December 29, 2011

In the Matter of the Compensation of
Dirk E. Martin, Claimant.

Dirk E. MARTIN,
*Petitioner,*

*v.*

SAIF CORPORATION
and Pendleton Heating & Air Cond -Thews Sheet Metal,
*Respondents.*

Workers' Compensation Board
0703740; A139520

270 P3d 296

R. Adian Martin argued the cause for petitioner. With him on the brief was Ransom, Gilbertson, Martin & Ratliff, LLP.

Julene M. Quinn argued the cause for respondents.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Claimant seeks judicial review of a Workers' Compensation Board order that upheld an order on reconsideration of the Appellate Review Unit (ARU) of the Department of Consumer and Business Services (DCBS) that changed the date of injury in a notice of closure. The issue on review is whether the director of DCBS and, by proxy, the ARU has authority on reconsideration of a notice of closure to modify the date of injury listed in the notice of closure. We review for legal error, ORS 183.482(8), and, because we conclude that the director has authority to modify the date of injury in a notice of closure to fulfill the director's task on reconsideration, we affirm.

The relevant facts are undisputed. Claimant, a sheet metal worker for 28 years, sought medical treatment on December 13, 2004, for pain in his right hand and was diagnosed with arthritis in that hand. On January 25, 2005, he was further diagnosed with an overuse syndrome in his right hand. Claimant's last day at work was on January 10, 2006, when he left work due to symptoms from a flu virus. On January 17, 2006, claimant filed an occupational disease claim for a hand and wrist condition. SAIF initially denied that claim; however, SAIF's denial was set aside in December 2006 by order of an administrative law judge (ALJ).

On March 30, 2007, SAIF issued an updated notice of acceptance to claimant for "unspecified pain to the dorsum of the right hand between the third and fourth metacarpals due to work exposure at Thews Sheet Metal." That same day, SAIF also issued a notice of closure to claimant, which awarded temporary disability compensation for the accepted condition but did not award any permanent partial disability compensation. In both the updated notice of acceptance and the notice of closure, SAIF listed January 10, 2006, as the date of injury. Claimant requested reconsideration by the director of DCBS of SAIF's notice of closure.

After reviewing the record, the ARU, on behalf of the director, concluded that "claimant is significantly limited in repetitive use of the right hand due to the accepted condition." Additionally, the ARU found that the correct date of injury for claimant's occupational disease claim is December

13, 2004.[1] Based on that date of injury, the ARU calculated claimant's permanent partial disability compensation by applying the administrative rules in effect in December 2004 and issued an order on reconsideration modifying SAIF's notice of closure to award five percent scheduled permanent partial disability for claimant's right hand.

Claimant requested a hearing on the reconsideration order, arguing that the ARU lacked authority to change the January 10, 2006, date of injury listed in SAIF's notice of closure and that, based on the standards for determining disability compensation in effect in 2006, he was entitled to a larger permanent partial disability award. After the hearing, an ALJ issued an order concluding that December 13, 2004, is the correct date of injury and that the ARU correctly determined claimant's permanent partial disability award based on that date of injury. Claimant sought board review of the ALJ's order. The board issued an order affirming the ALJ, and claimant timely sought judicial review of the order. On judicial review, claimant argues that, by changing the date of injury in SAIF's notice of closure, the director of DCBS and, by proxy, the ARU, exceeded the authority granted by the legislature to the director and, therefore, erred in determining the amount of permanent partial disability compensation due claimant.

We begin our analysis by examining the reconsideration process and the director's role in it. Under ORS 656.268(5)(c), "[i]f a worker, insurer or self-insured employer objects to [a] notice of closure, the objecting party first must request reconsideration by the director * * *." If a claim is not closed in accordance with the requirements of ORS 656.268(1), the director is authorized to rescind the notice of closure. ORS 656.268(6)(a)(C). Furthermore, if the director determines that the notice of closure has not correctly determined the amount of disability compensation due a claimant, the director will modify the amount and type of disability compensation as necessary to bring the notice of closure into

---

[1] For an occupational disease claim of the type at issue here, the date of injury is "the date of disability from the disease or the date of the first medical treatment of it." *Reynoldson v. Multnomah County*, 189 Or App 327, 332, 75 P3d 477, *rev den*, 336 Or 192 (2003).

conformance with the applicable standards for determining disability compensation. *See* ORS 656.726(4)(a) (the director is authorized to "issue orders which are reasonably required in the performance of the director's duties"); OAR 436-030-0135(8) (Feb 29, 2004) (reconsideration orders will address necessary changes to the amount of disability compensation).

Here, the notice of closure did not award claimant any permanent partial disability compensation. Thus, the director was responsible for determining whether claimant should be awarded permanent partial disability compensation and, if so, the amount of that award. However, as we will explain, in order to make that determination, the director necessarily had to first determine the correct date of injury and was authorized to do that.

Under ORS 656.202(2), the amount of disability compensation awarded to a claimant is to be determined according to "the law in force at the time the injury giving rise to the right of compensation occurred." That requirement is pivotal in this case because there are different administrative rules for calculating permanent partial disability compensation depending on whether the injury occurred before or after January 1, 2005. *Compare* OAR 436-035-0008 (standards for calculating disability benefits for injuries that occurred before January 1, 2005), *with* OAR 436-035-0009 (standards for calculating disability benefits for injuries that occurred on or after January 1, 2005). Thus, once the ARU concluded in this case that, based on the record, "claimant is significantly limited in repetitive use of the right hand due to the accepted condition," the ARU necessarily had to determine the date of injury and the applicable standards for calculating permanent partial disability compensation in order to complete its statutorily mandated task of reconsidering SAIF's notice of closure.

Furthermore, we conclude that the ARU was authorized to determine and change the date of injury in SAIF's notice of closure. As we have previously noted in other workers' compensation cases, an agency is authorized to decide matters that are committed to it by the legislature, unless the legislature has specifically limited the agency's authority to do so. *Boydston v. Liberty Northwest Ins. Corp.*, 166 Or App

336, 341, 999 P2d 503, *rev den*, 331 Or 191 (2000); *SAIF v. Fisher*, 100 Or App 288, 291, 785 P2d 1082 (1990). Our review of the relevant statutes has revealed no limitation on the director's ability to change the date of injury listed in a notice of closure. We conclude that the legislature's grant of reconsideration authority to the director encompasses the authority to determine and change the date of injury on reconsideration of a notice of closure and, accordingly, that the board did not err in affirming the ARU's reconsideration order.

Claimant disagrees with that conclusion. First, claimant contends that, under ORS 656.704 (2007), *amended by* Or Laws 2009, ch 35, § 5,[2] changing the date of injury in a notice of closure involves a matter concerning a claim, and, therefore, it is outside the director's review authority. Generally speaking, under ORS 656.704, the board has review authority over matters concerning a claim, and the director has review authority over matters *other* than those concerning a claim. Matters concerning a claim are defined as "those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue." ORS 656.704(3)(a). Thus, the ARU's determination of the date of claimant's injury and the amount of permanent partial disability compensation to which claimant is entitled are matters concerning a claim.

However, contrary to claimant's assertion, ORS 656.704 does not prevent the director from determining the amount of disability compensation to which a claimant is entitled on reconsideration of a notice of closure. As previously noted, the parties involved in a workers' compensation claim for which a notice of closure has been issued are *required* to first seek reconsideration of the notice of closure by the director before the board can hear a dispute over the amount of disability compensation. ORS 656.268(5)(c). Once the director has issued an order on reconsideration resolving the parties' dispute over a notice of closure, only then can the board exercise its review authority over the notice of closure. *See Duncan v. Liberty Northwest Ins. Corp.*, 133 Or App 605, 610, 894 P2d 477 (1995). Accordingly, the legislature has

---

[2] All subsequent references to ORS 656.704 are to the 2007 version.

carved out an exception to the general rule under ORS 656.704 that the director lacks authority over matters concerning a claim by requiring the director to engage in the review of such matters to the extent necessary to fulfill the reconsideration tasks assigned to the director regarding notices of closure.

Claimant additionally argues that, by changing the date of injury in SAIF's notice of closure, the ARU impermissibly changed the notice of acceptance, which claimant asserts may not be done "other than by the process set forth by the legislature at ORS 656.262(6)(a)." We disagree. ORS 656.262(6)(a) (2007), *amended by* Or Laws 2009, ch 171, § 3; Or Laws 2009, ch 526, § 1,[3] provides that, once a claim is accepted, the insurer cannot revoke the acceptance unless the insurer establishes that certain circumstances exist, such as fraud or misrepresentation. However, the date of injury is not among the required information that must be included in a notice of acceptance. *See* ORS 656.262(6)(b). Thus, while ORS 656.262(6)(a) protects the acceptance of a claim against revocation by an insurer, it does not prohibit the director from modifying the date of injury, and such a change by the director does not affect the insurer's acceptance of the underlying claim. Rather, changing the date of injury to conform to the record simply allows the director to correctly determine the amount of permanent partial disability to which a claimant is entitled, which is one of the tasks assigned to the director in the reconsideration process. Accordingly, we are not persuaded by claimant's arguments.

For the reasons described above, we conclude that the board did not err in affirming the ARU's reconsideration order.

Affirmed.

---

[3] All subsequent references to ORS 656.262 are to the 2007 version.