Argued and submitted September 25, 2012, reversed and remanded
September 11, 2013

In the Matter of the Compensation of
Tammy L. Daugherty, Claimant.

Tammy L. DAUGHERTY,
*Petitioner,*

*v.*

SAIF CORPORATION
and Bring Recycling,
*Respondents.*

Department of Consumer and Business Services
1000114H; A148338

310 P3d 713

Christopher D. Moore argued the cause for petitioner. On the briefs was Allison B. Lesh.

Julie Masters argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

SERCOMBE, J.

## SERCOMBE, J.

Claimant seeks judicial review of a final order of the Director of the Department of Consumer and Business Services (the director) dismissing her request for administrative review of her medical services claim and refusing to transfer the matter to the Workers' Compensation Board (the board) for a hearing. Although the parties advance a number of ancillary arguments, the central issue presented on review is whether, under ORS 656.704,[1] the director had authority to determine that "there [was] no factual dispute" concerning the causal relationship between claimant's requested medical services and her accepted lumbar strain and, on that basis, refuse to transfer the matter to the board. On review for errors of law, ORS 183.482(8), we conclude that he did not. Accordingly, we reverse and remand for transfer to the board.

Claimant was injured at work in November 2008, and employer[2] subsequently accepted a compensable "lumbar strain." In August 2009, employer enrolled claimant in a managed care organization (MCO), a state-certified organization designed to manage the provision of medical services to injured workers. *See generally* ORS 656.260; OAR 410-123-1600 (7/1/09). At that time, claimant had been experiencing ongoing low back pain and, as pertinent here, "tenderness at the right sacroiliac [(SI)] joint * * *." Dr. Kassube, a physician treating claimant, sought the MCO's approval of medical services—namely, a right SI joint injection. However, in

---

[1] ORS 656.704 delineates "[t]he respective authority of the board and the director to resolve medical service disputes" and addresses the transfer of such matters between the director and the board. The text of that statute is set forth in pertinent part below. However, to provide context for the facts and the parties' arguments, as particularly relevant here, subparagraph (3)(b)(B) of that statute vests the *director* with authority over "[a]ny dispute that requires a determination of whether medical services are excessive, inappropriate, ineffectual or in violation of the rules regarding the performance of medical services * * *." Subparagraph (3)(b)(C) vests the *board* with authority over "[a]ny dispute that requires a determination of whether a *sufficient causal relationship* exists between medical services and an accepted claim to establish compensability * * *." (Emphasis added.) Finally, subsection (5) provides, in pertinent part, that, "[i]f a request for hearing or administrative review is filed with either the director or the board and it is determined that the request should have been filed with the other, the dispute *shall* be transferred." (Emphasis added.)

[2] For ease of reading, we refer throughout this opinion to respondents SAIF Corporation and Bring Recycling collectively as "employer."

June 2010, the MCO declined to review Kassube's request because "[t]he requested procedure [was] not directed towards the accepted condition of lumbar strain." Claimant subsequently requested that the director review the MCO's denial of that medical service.

The propriety of Kassube's requested right SI joint injection was consequently reviewed by the Medical Section Resolution Team (RT) under the director's authority. In response to claimant's request for review, employer asserted that the proposed injection "was excessive, inappropriate, or ineffectual" and that it was "for a new or omitted condition in [sic] which the worker had not asked for acceptance." The RT issued an administrative order of dismissal on June 30, 2010, determining that "the requested treatment was directed towards a condition that had not been accepted" and dismissing the matter without prejudice "on the grounds [that] there was no dispute to review and the Workers' Compensation Division therefore did not have jurisdiction." Claimant then requested a contested case hearing regarding the RT's order of dismissal, and, on October 20, 2010, the matter was heard by an administrative law judge (ALJ).

Before the ALJ, claimant requested that the matter be remanded back to the director for transfer to the board. In support of that request, she argued that, under ORS 656.704(3)(b)(C), "the Director did not have subject matter jurisdiction to dismiss [her] request for review because a causal relationship [was] at issue." That is, claimant asserted that the director erred in retaining jurisdiction and dismissing her request for review because the dispute turned on the causal relationship between the requested medical services (*i.e.*, the right SI joint injection) and claimant's accepted lumbar condition—an issue that, according to claimant, only the board had authority to resolve under ORS 656.704(3)(b)(C). Employer responded by again noting that claimant had not made a claim "for a new and/or omitted medical condition involving the right SI joint" and arguing that, consequently, there was no causation or compensability issue to be transferred to the board. Although the ALJ expressly recognized that, under ORS 656.704(3)(b)(C), "[a]ny dispute that requires a determination of whether a

sufficient causal relationship exists between medical services and an accepted claim to establish compensability is a matter concerning a claim within the jurisdiction of the Board[,]" she ultimately affirmed the RT's order of dismissal, reasoning:

> "Here, at the time of the Order of Dismissal, claimant had not made a new and/or omitted condition claim for an SI joint condition. Nor does the evidence support a conclusion that the requested SI joint injection was directed at the accepted lumbar strain condition. Consequently, I conclude that there was no causal relationship issue to be referred to the [board's] Hearings Division."

Finally, claimant sought director review of the ALJ's order, and, in the final order now under judicial review, the director affirmed the RT's order of dismissal and the ALJ's subsequent order. In so doing, the director focused on the *evidence* related to causation, noting that "[a]n employer is only required to provide treatment for conditions caused in material part by the compensable injury" and stating:

> "The accepted condition is a lumbar strain. The requested treatment is for an injection at the right SI joint. Claimant does not cite any evidence in the record suggesting [that] the proposed treatment is directed towards a condition caused in material part by the accepted condition. Claimant does not assert [that] she has filed a claim related to the right SI joint. *The issue, then, is whether, under these facts, there is a dispute about the causal relationship between the proposed treatment and the accepted condition that must be transferred to the [board] to be resolved.*"

(Citation omitted; emphasis added.) In turn, addressing that issue, the director reasoned:

> "Claimant argues [that] RT should have transferred the matter to the [board], rather than dismissing. The [board] has jurisdiction to determine whether a proposed treatment is causally related to the accepted condition. ORS 656.704(3)(b)(C). Claimant's position is that when an insurer denies treatment on the grounds [that] it is directed towards a condition that has not been accepted, this inherently raises a causal relation issue, because the insurer is impliedly asserting [that] the proposed treatment is not causally related to the accepted condition.

"The difficulty with claimant's position is that it is speculative. Claimant did not provide evidence to RT that the requested treatment was directed towards either the accepted condition or a condition caused in material part by the accepted condition. *Absent such evidence, there is no factual dispute.* RT had no evidentiary basis on which to issue a transfer order.

"* * * There can only be a dispute if there is some evidence [that] the condition being treated was caused in material part by the accepted condition. If there is no evidence of that causal relationship, there is a hypothetical dispute, but no actual, factual dispute."

(Footnotes and some internal citations omitted; emphasis added.) Thus, as pertinent here, the director ultimately concluded that the evidence was insufficient to create a "dispute that require[d] a determination of *whether a sufficient causal relationship exist[ed,]*" ORS 656.704(3)(b)(C) (emphasis added), between the requested right SI joint injection and claimant's accepted lumbar strain.

On judicial review, claimant asserts that, in reaching that conclusion and consequently refusing to transfer the matter to the board, the director acted without authority and divested claimant of her right to have the question of "whether a sufficient causal relationship exist[ed] between [the] medical services and [the] accepted claim" decided by the board pursuant to ORS 656.704(3)(b)(C). In other words, claimant argues that the director was not "authorized to determine the sufficiency of the evidence relating to causation[,]" asserting that "[t]hat jurisdiction rests exclusively with the [board] through its hearing process."

Employer responds that the director "properly exercised his *discretion*" to dismiss claimant's request for review "because there was no evidence *to establish a dispute* that required transfer to the board." (Emphases added.) That is, employer asserts that ORS 656.704(5), which, as noted, provides for the transfer of disputes between the director and the board, vested the director with a measure of "discretion" such that he was entitled to—as a threshold matter— "review the evidence in [the] case in order to determine whether [it should have been] transferred." Thus, employer

argues, the director acted within his authority "in determining that [claimant's] request for administrative review did not constitute a colorable dispute concerning whether [the] proposed [right SI joint injection] was causally related to the accepted condition * * *."

As noted, we agree with claimant and hold that the director exceeded his authority under ORS 656.704; evaluation of evidence regarding a potential causal relationship between requested medical services and an accepted claim is the sole province of the board under that statute.[3]

ORS 656.704(3) provides, in pertinent part:

"(b) The respective authority of the board and the director to resolve medical service disputes shall be determined according to the following principles:

"(A) Any dispute that requires a determination of the compensability of the medical condition for which medical services are proposed is a matter concerning a claim.

"(B) Any dispute that requires a determination of whether medical services are excessive, inappropriate, ineffectual or in violation of the rules regarding the performance of medical services, or a determination of whether medical services for an accepted condition qualify as compensable medical services among those listed in ORS 656.245(1)(c), is not a matter concerning a claim.

"(C) Any dispute that requires a *determination of whether a sufficient causal relationship exists between medical services and an accepted claim* to establish compensability is a matter concerning a claim."

(Emphasis added.) Subsection (5) of that statute, which was added by the legislature in 2005, Or Laws 2005, ch 26, § 15, provides, in pertinent part, that,

"[i]f a request for hearing or administrative review is filed with either the director or the board and it is

---

[3] Claimant additionally asserts that there was in fact medical evidence in the record to support the existence of a causal-relationship dispute and that the director failed to adequately explain his finding to the contrary. Accordingly, claimant argues, the director's order was neither supported by substantial evidence nor by substantial reason. *See* ORS 183.482(8); *Portland Assn. Teachers v. Mult. Sch. Dist. No. 1*, 171 Or App 616, 627, 16 P3d 1189 (2000). Given our disposition, we need not decide those issues.

determined that the request should have been filed with the other, *the dispute shall be transferred.*"

(Emphasis added.) In construing a statute, we examine the text of the statute in context, along with any relevant legislative history, in order to discern and give effect to the legislature's intent. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (setting forth interpretive methodology).

Here, we need not look further than the plain text of ORS 656.704. The issue in this case was whether "a sufficient causal relationship exist[ed]" between claimant's requested medical services and her previously accepted claim—an issue which, pursuant to the terms of subparagraph (3)(b)(C), constituted "a matter concerning a claim." Simply, *the board* has exclusive authority, under ORS 656.704, over "matters concerning a claim * * *." *See, e.g., Martin v. SAIF*, 247 Or App 377, 382, 270 P3d 296 (2011) ("Generally speaking, under ORS 656.704, the board has review authority over matters concerning a claim[.]"); *AIG Claim Services v. Cole*, 205 Or App 170, 174, 133 P3d 357, *rev den*, 341 Or 244 (2006) ("A dispute concerning whether a sufficient causal relationship exists between medical services and an accepted claim to establish compensability is a matter concerning a claim, within the jurisdiction of the board."); *Howard v. Liberty Northwest Ins.*, 94 Or App 283, 285, 765 P2d 223 (1988) ("The Hearings Division of the Board has jurisdiction over all disputes and controversies *regarding matters concerning a claim * * *.*" (Citation and internal quotation marks omitted; emphasis in original.)). However, rather than transfer that issue to the board, the director evaluated the evidence, or lack thereof, pertaining to it—determining that there was "no factual basis suggesting" that claimant's requested right SI joint injection was directed toward a condition caused in material part by her accepted lumbar condition.

Thus, although the resulting order was characterized as a determination that there was no causal-relationship dispute for the board to review, in reaching that determination—even if it were correct—the director exceeded his authority under the statute by evaluating the evidentiary record pertaining to causation. Moreover, as a practical matter, the very purpose of the board's hearing process is to

allow parties to adduce evidence. As claimant aptly notes, the director's final order effectively required that claimant make out a *prima facie* case regarding causation as a necessary predicate to transfer for a hearing before the board. ORS 656.704 includes no such requirement.

Employer's argument that, under ORS 656.704(5), the director properly "exercised [his] *discretion*, determining that the request [for medical treatment] did not need to be transferred to the board," is unavailing. (Emphasis added.) Employer is correct that ORS 656.704(5) contains an implicit directive that "[t]he adjudicative body that receives the request must determine whether the request belongs with the other[.]" However, in light of the plain text of the statute, that determination does not "involve[] an exercise of discretion" such that the director was permitted to make a "threshold" determination that insufficient evidence existed to establish a causal-relationship dispute and, consequently, to dismiss the request for review rather than transfer it to the board. The statute addresses only the director's (or the board's) authority to determine "that the request should have been filed with the other"; nothing in ORS 656.704(5) indicates that the legislature intended to vest either the board or the director with discretion to examine the sufficiency of the evidence in order to, as the director did here, "determine[]" *whether there was a factual "dispute" to transfer. See* ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]").

Finally, the terms of ORS 656.704(5) are mandatory. Where, as here, the legislature has vested the board with exclusive authority to hear issues relating to causation, *see* 258 Or App 518-21, and a request for review pertaining to causation is filed with the director, "the dispute *shall* be transferred." (Emphasis added.) *See Preble v. Dept. of Rev.*, 331 Or 320, 324, 14 P3d 613 (2000) ("'Shall' is a command: it is 'used in laws, regulations, or directives to express what is *mandatory.*'" (Citations omitted; emphasis added.)).

Thus, ORS 656.704(5) did not vest the director with "discretion" to exceed his statutory authority by reviewing

the evidence and making a *de facto* determination that no "sufficient causal relationship exist[ed]" between the requested right SI joint injection and claimant's lumbar strain. Accordingly, upon determining that the disposition of claimant's request for medical services pertained to a potential causal-relationship dispute within the board's exclusive authority, the director was obligated to transfer the matter to the board.

Reversed and remanded.