8 January 4, 2024 No. 2

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Medical Service Dispute of
Jacob E. Mantle, Worker.

Jacob E. MANTLE,
*Petitioner,*

*v.*

SAIF CORPORATION;
Whirlwind Services, Inc.; and
Department of Consumer and Business Services
*Respondents.*

Workers' Compensation Division
DBV2359; A176516

Argued and submitted January 17, 2023.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was Law Offices of Jodie Anne Phillips Polich, P. C.

Daniel Edward Walker argued the cause and filed the brief for respondents SAIF Corporation and Whirlwind Clean & Green.

Denise G. Fjordbeck waived appearance for respondent Department of Consumer and Business Services.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Reversed and remanded.

Mooney, J., dissenting.

**SHORR, P. J.**

Petitioner seeks judicial review of a final order of the Director of the Department of Consumer and Business Services ("the director"). In the administrative proceeding, petitioner had requested that the director declare that petitioner was not liable to pay two medical providers' bills because the providers had not followed the otherwise applicable workers' compensation treatment rules. The director dismissed petitioner's request. The director concluded that, under ORS 656.704(3), it lacked authority to address the medical billing issue because the medical services were not causally related to the worker's accepted claim. We disagree that the director lacked such authority. We reverse and remand for further proceedings.

The relevant facts are taken from the director's Final Order, which adopted the findings of the Administrative Law Judge. Those findings are undisputed on judicial review. Petitioner sustained a compensable injury on April 4, 2016. That injury was ultimately accepted for non-disabling thoracic and lumbar strains. Because the claim was nondisabling, no notice of closure was required or issued. Petitioner later sought medical treatment from April to July 2018 at Columbia Medical Clinic (Columbia), which resulted in a referral to Gateway Sports Medicine & Rehab (Gateway) where petitioner participated in physical therapy. Petitioner and respondent SAIF Corporation stipulated that neither of those providers provided a treatment plan nor did they obtain pre-authorization for the services they provided. As we will discuss in more detail later, that is significant, because the workers' compensation statutes and rules provide that a worker is not obligated to pay for medical treatment when the medical provider does not follow the applicable rules. *See*, *e.g.*, ORS 656.327(2) (stating that "the worker is not obligated to pay for medical treatment determined not to be compensable under this subsection."); OAR 436-010-0230(7)(a) (2015) (stating that certain providers "must prepare a treatment plan before beginning treatment.").

In March 2019, petitioner requested administrative review by the "Medical Resolution Team" (MRT) regarding

the medical providers' bills.[1] ORS 656.327(3). The MRT then transferred the matter to the Workers' Compensation Board (the board) for an initial determination of whether a causal relationship existed between the disputed medical services and the accepted conditions. In August 2019, an Administrative Law Judge (ALJ) within the board's Hearing Division issued an Opinion and Order, concluding that there was no causal relationship between the accepted April 2016 thoracic and lumbar strain claim and the medical treatment provided to petitioner by Columbia and Gateway.[2] The ALJ then determined that the remaining dispute over the propriety of the billing for medical services, which were provided by Columbia and Gateway without preauthorization or an approved treatment plan, was within the director's authority. The ALJ concluded that "[l]acking jurisdiction to address that dispute, that medical services dispute is transferred back to the Director. *See* ORS 656.704(3)(b)(B)."

The MRT, which acts under the director's delegated authority, reviewed the transferred matter. It noted that "[t]he worker requests an order finding that he is not responsible for the medical services in question [those provided by Columbia and Gateway] due to the provider[s'] failure to follow the OARs and the statutes which control medical services." The MRT then reviewed those rules and stated:

> "The MRT finds according to OAR 436-010-0230(7)(a-c), ancillary medical service providers must send a treatment plan to the prescribing provider within seven days of beginning treatment. Further, if no treatment plan is sent, the insurer is not required to pay for the services provided prior to the date the treatment plan was sent. *** SAIF and [petitioner] stipulated that there was no request for preauthorization for the disputed 2018 medical services and that no treatment plan was ever provided. As such, the MRT could not order SAIF liable for medical services where no treatment plan was provided, even if the medical services were causally related to the worker's accepted claim."

---

[1] The MRT is a physician or panel of physicians delegated by the authority of the Director to review the propriety of medical treatments of injured workers under ORS 656.327.

[2] The board adopted that ALJ decision regarding lack of causation. Petitioner did not seek further review of that decision.

As a result, according to the MRT, SAIF was not liable to pay the medical service providers Columbia and Gateway even assuming that the medical services *were* causally related to petitioner's accepted claim. That left unanswered petitioner's potential liability for the providers' bills when those providers did not follow the rules for medical services related to workers' compensation claims in this particular circumstance. The MRT then, at least in part, answered that question:

> "[I]n this case, the [ALJ Opinion and Order] addressing the causal relationship between the medical services and the accepted claim found the medical services were not causally related to [petitioner's] accepted 2016 non-disabling claim. As such, the medical services fall outside the MRT's jurisdiction.

> "The worker requested an order finding him not responsible for the treatment due to the provider[s'] failure to follow OARs and the statutes which control medical services; however, since the MRT has no jurisdiction over medical services that are not related to an accepted claim, the MRT is unable to find the worker not responsible for the disputed medical services."

Thus, at least as far as the workers' compensation system is concerned, petitioner was still responsible for paying the medical bills despite the medical service providers not following the rules for providing medical services relating to a workers' compensation claim. Or, stated differently, the MRT concluded that it at least did not have authority to decide that the worker was not responsible to pay the disputed medical bills.

Petitioner then sought review of that decision before a new ALJ, one different from the one that had found there was no causal relationship between the medical services and the original April 2016 accepted back strain. That ALJ reviewed the relevant statutes, particularly ORS 656.704 and ORS 656.327, which we will discuss further below. He came to a different conclusion, that "even if disputed medical treatment has been found not to be causally related to the accepted injury and is consequently not compensable, the director has jurisdiction to review issues concerning provision of medical treatment in violation of the rules, and

may order that a worker is not obligated to pay for such services." The ALJ then did just that; it ordered that petitioner was "not obligated to pay for medical services, if they were performed in violation of the rules." The ALJ then ordered that the matter should be transferred back to the director (or the MRT acting under the director's delegated authority) to determine precisely which medical services, and resulting bills, were provided in violation of the workers' compensation rules.

The MRT then filed exceptions to the ALJ's order, arguing to the director that the ALJ had erred in concluding that the director, and by extension the MRT, had authority to order that a worker was not obligated to pay for medical services provided in violation of the workers' compensation rules in circumstances where the services were not causally related to the worker's accepted claim. The director, examining ORS 656.704 and ORS 656.327, but also heavily relying on historical practice, reversed the ALJ and concluded that

> "[b]ecause the treatment was ultimately determined not to be related to the worker's compensable claim, it falls outside of the workers' compensation system; ORS 656.327 and the corresponding administrative rules do not apply; and MRT was correct to dismiss the propriety issue."

The director further stated:

> "In holding that the director's authority to review the propriety aspect of a medical services dispute is contingent upon the services being causally related to the worker's accepted claim – in other words, that ORS 656.327 applies only to treatment that is causally related to the worker's accepted claim – it could be argued that MRT is inserting into the workers' compensation statute what has been omitted. MRT's interpretation, however, is consistent with the way in which the statute and rules have historically been applied, and it is not inconsistent with the wording or context of the statute and rules themselves."

That brings this matter up to the current moment.

Petitioner seeks our review of the director's decision. The issue before us is solely one of law. We therefore review the director's decision for legal error. *Zach v. Chartis*

*Claims, Inc.*, 279 Or App 557, 560, 379 P3d 721, *rev den*, 360 Or 697 (2016); ORS 183.482(8). The legal issue before us is primarily one of statutory construction. We apply our usual method of statutory construction, considering the text and context of the relevant statutes and any relevant legislative history we find helpful. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

As noted, the relevant statutes include ORS 656.704 and ORS 656.327. Those statutes define and divide the authority for resolving workers' compensation related disputes between the board and the director. ORS 656.704(3)(a) provides:

> "For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter, and for determining the procedure for the conduct and review thereof, matters concerning a claim under this chapter are those matters in which a worker's right to receive compensation, or the amount thereof, are directly at issue. However, subject to paragraph (b) of this subsection, such matters do not include any disputes arising under ORS * * * 656.327, any other provisions directly relating to the provision of medical services or any disputes arising under ORS 656.340 except as those provisions may otherwise provide."

The parties agree with the basic division of authority between the board and the director, and so do we. "Generally speaking, under ORS 656.704, the board has review authority over matters concerning a claim, and the director has review authority over matters other than those concerning a claim." *Martin v. SAIF*, 247 Or App 377, 382, 270 P3d 296 (2011).

The disputed issue is whether the director has authority to resolve certain disputes regarding the provision of medical services to petitioner after the board concludes that the worker's claim is not compensable under the workers' compensation system.

ORS 656.704(3)(b) provides:

> "The respective authority of the board and the director to resolve medical service disputes shall be determined according to the following principles:

"(A)   Any dispute that requires a determination of the compensability of the medical condition for which medical services are proposed is a matter concerning a claim.

"(B)   Any dispute that requires a determination of whether medical services are excessive, inappropriate, ineffectual or in violation of the rules regarding the performance of medical services, or a determination of whether medical services for an accepted condition qualify as compensable medical services among those listed in ORS 656.245 (1)(c), is not a matter concerning a claim.

"(C)   Any dispute that requires a determination of whether a sufficient causal relationship exists between medical services and an accepted claim to establish compensability is a matter concerning a claim."

ORS 656.704(3)(b). ORS 656.704(3) certainly divides authority between the board and director along the lines stated above. *See also* OAR 436-010-0008 (similarly dividing authority between the board and director).[3] But nowhere does it state that the director either loses or lacks authority to resolve a pending dispute regarding "violation of the rules regarding the performance of medical services," which is the issue here, when the board has concluded that the claim is separately not compensable. We note, as we will discuss again later, that, *at the time that petitioner sought services from the medical providers* for his condition and they

---

[3] OAR 436-010-0008 provides:

"(1) General.

"(a) Except as otherwise provided in ORS 656.704, the director has exclusive jurisdiction to resolve all disputes concerning medical fees, nonpayment of compensable medical bills, and medical service and treatment disputes arising under ORS 656.245, 656.247, 656.248, 656.260, 656.325, and 656.327. Disputes about whether a medical service provided after a worker is medically stationary is compensable within the meaning of ORS 656.245(1)(c), or whether a medical treatment is unscientific, unproven, outmoded, or experimental under ORS 656.245(3), are subject to administrative review before the director.

"(b) As provided in ORS 656.704(3)(b), the following disputes are in the jurisdiction of the board and will be transferred:

"(A) A dispute that requires a determination of the compensability of the medical condition for which medical services are proposed; and

"(B) A dispute that requires a determination of whether a sufficient causal relationship exists between medical services and an accepted claim."

failed to follow the workers' compensation treatment rules, petitioner's claim had not been denied.

We turn to ORS 656.327, which further discusses the role of the director in considering disputes about whether medical services are "excessive, inappropriate, ineffectual or in violation of rules regarding the performance of medical services." ORS 656.327(1)(a). ORS 656.327 provides, in relevant part:

> "(1)(a)   If an injured worker, an insurer or self-insured employer or the Director of the Department of Consumer and Business Services believes that the medical treatment *** that the injured worker has received, is receiving, will receive or is proposed to receive is excessive, inappropriate, ineffectual or *in violation of rules regarding the performance of medical services, the injured worker, insurer or self-insured employer must request administrative review* of the treatment by the director prior to requesting a hearing on the issue and so notify the parties.
>
> "* * * * *
>
> "(2)   The director shall review medical information and records regarding the treatment. The director may cause an appropriate medical service provider to perform reasonable and appropriate tests, other than invasive tests, upon the worker and may examine the worker. Notwithstanding ORS 656.325(1), the worker may refuse a test without sanction. Review of the medical treatment shall be completed and the director shall issue an order within 60 days of the request for review. The director shall create a documentary record sufficient for purposes of judicial review. If the worker, insurer, self-insured employer or medical service provider is dissatisfied with that order, the dissatisfied party may request review under ORS 656.704. The administrative order may be modified at hearing only if it is not supported by substantial evidence in the record or if it reflects an error of law. No new medical evidence or issues shall be admitted. *The worker is not obligated to pay for medical treatment determined not to be compensable under this subsection.*"

(Emphases added.) Here again, the statute defines the director's authority to resolve disputes, including this one, regarding whether medical treatment has been provided in violation of rules regarding the performance of medical services.

It does not, however, provide that the director's authority to resolve those disputes depends on the board first concluding that the medical services are causally related to an accepted claim. Indeed, the director's authority under the statute necessarily includes deciding, in response to a claim that the medical provider has violated the rules regarding performance of medical services, that "[t]he worker is not obligated to pay for medical treatment determined *not to be compensable under this subsection*." ORS 656.327(2) (emphasis added). That is, the director has authority to conclude that the worker is not obligated to pay for medical treatment that is not compensable under that subsection because, having reviewed the medical records under subsection (2), the director has determined that the medical provider has been "excessive, inappropriate, ineffectual" or, as claimed here, acted in "violation of rules regarding the performance of medical services" as required by ORS 656.327(1)(a).

Were we to conclude that the director's authority is as limited as the director concluded, we would have to add to ORS 656.327(2) that the director's authority to review for violation of the rules regarding the performance of medical services is further confined to reviewing only those disputes regarding medical services where the medical treatment is otherwise determined to be compensable. But the statute does not provide that limitation. We respectfully disagree with the dissent's construction of ORS 656.327 and the director's authority within the overall statutory scheme. ORS 656.327(2) uses the word "compensable" but only in the context of declaring that a worker is not obligated to pay for medical treatment that is determined "not to be compensable under this subsection." ORS 656.327(2). As noted above, that subsection addresses the director's review of the medical treatment provided to the worker and not to the compensability of the claim more generally. The legislature did not limit the director's authority to review medical treatment disputes to just those that involve generally compensable claims.

Respondents SAIF and the employer contend that the entire statutory scheme was designed to cover only those medical services that are compensably related to a workers' compensation claim. Thus, they contend, to the extent that

a claim is not compensable because the medical treatment is not causally related to a worker's accepted claim, it falls entirely outside Oregon's workers' compensation system, and the director would not have authority to address it. That argument has logical appeal. However, as noted, the statute does not state that the director's authority is limited in that way. The argument also fails to grapple with the fact that, at the time petitioner sought care from Columbia and Gateway, he had had a previously nondisabling accepted claim that had not been closed. At that juncture, petitioner was seeing medical providers to follow up on care that he understood to be related to his accepted workers' compensation claim. Further, as stipulated by the parties at least, the providers had not obtained pre-authorization from SAIF or the employer for the medical services.

Respondents next contend that if a dispute arises concerning *both* the causal relationship between medical services and an accepted claim to establish compensability, an issue for the board under ORS 656.704(3)(b)(C), *and* the propriety of the medical services, an issue for the director (or MRT) under ORS 656.704(3)(b)(B), the director must first transfer the issue to the board to determine compensability. That is, respondents contend that compensability must be established by the board before the director (or MRT) may decide whether the medical services are in violation of the applicable rules. Respondents contend that, if the board decides that the claim is not compensable, there is then no need for the director or MRT to review the propriety of the medical services. For that proposition, respondents rely on a footnote from *SAIF v. Martinez*, 219 Or App 182, 182 P3d 873 (2008), which provides,

> "The MRU[4] may, at its discretion, transfer cases to the board via a Defer and Transfer Order if it believes that there is a dispute about both the propriety of the proposed treatment—which it may determine—and the compensability of the condition itself. ORS 656.704(3)(b). That allows the board to determine whether the employer is liable for *any* medical payment before the MRU decides precisely what costs the employer must pay."

---

[4] The MRT was formerly known as the Medical Review Unit or "MRU."

*Id.* at 186 n 4 (emphasis in original). That footnote is true as far as it goes. There is discretion to transfer matters between the board and director and either or both may have authority over parts of the dispute. *See id.* at 186 n 3 (noting that either the MRU, the board, or both may have authority to resolve the dispute); *cf. Daugherty v. SAIF*, 258 Or App 512, 514 n 1, 310 P3d 713 (2013) ("'If a request for hearing or administrative review is filed with either the director or the board and it is determined that the request should have been filed with the other, the dispute *shall* be transferred.'") (quoting ORS 656.704(5)) (emphasis in *Daugherty*).[5]

Further, it is true that, if the claim is not compensable, the employer has no liability for the medical payment. But that does not mean that the director loses authority to resolve a dispute about whether a medical provider violated the rules regarding the provision of medical services to a worker when the board first determines that there is a non-compensable claim. Although the employer may not have liability, there is still a remaining issue whether the provider violated the workers' compensation rules when providing medical services and whether the worker is required

---

[5] ORS 656.704(3)(c) describes the process when a dispute includes both a matter concerning a claim and a matter not concerning a claim:

"Notwithstanding ORS 656.283(3), if parties to a hearing scheduled before an Administrative Law Judge are involved in a dispute regarding both matters concerning a claim and matters not concerning a claim, the Administrative Law Judge may defer any action on the matter concerning a claim until the director has completed an administrative review of the matters other than those concerning a claim. The director shall mail a copy of the administrative order to the parties and to the Administrative Law Judge. A party may request a hearing on the order of the director. At the request of a party or by the own motion of the Administrative Law Judge, the hearings on the separate matters may be consolidated. The Administrative Law Judge shall issue an order for those matters concerning a claim and a separate order for matters other than those concerning a claim."

Here, the opposite occurred: The MRT determined that petitioner's request included a matter concerning a claim and transferred the matter to the board to address first the relationship of the disputed services to the 2016 claim. That is a process permitted by ORS 656.704(5):

"If a request for hearing or administrative review is filed with either the director or the board and it is determined that the request should have been filed with the other, the dispute shall be transferred. Filing a request will be timely filed if the original filing was completed within the prescribed time."

As noted, the board ultimately determined that the disputed services were not related to the 2016 claim and returned the case to the MRT.

to pay. The workers' compensation statutes provide that the director has authority over those issues, and none of the relevant statutes provide that the director loses that authority if the board first concludes that the claim is not compensable.

We therefore conclude that the director still had authority under ORS 656.704(3)(b)(B) to determine whether Columbia and Gateway provided medical services to petitioner "in violation of [the] rules regarding the performance of medical services." ORS 656.327(1)(a).[6]

Reversed and remanded.

**MOONEY, J.,** dissenting.

I respectfully disagree with the majority's conclusion that the Director of the Department of Consumer and Business Services erred in dismissing petitioner's request to resolve petitioner's dispute with a medical service provider over payment for physical therapy services, and therefore dissent.

As the majority notes, it has been conclusively determined that the symptoms for which petitioner sought medical services are not compensable. Petitioner nonetheless sought a determination by the director that he did not have to pay for those services, because the provider had violated an administrative rule by failing to provide a treatment plan. The director's Medical Resolution Team (MRT) dismissed the request based on its conclusion that the director lacked authority to consider it, because the disputed services had been determined to be not compensable. The director upheld the MRT's order.

A complete understanding of the statutory context persuades me that the director was correct. The director's authority is derived from ORS chapter 656. *See* ORS 656.726(4) ("The director hereby is charged with duties of

---

[6] We note the limited nature of that conclusion. We conclude that the director has authority to decide whether the medical providers provided medical services to petitioner in violation of the applicable workers' compensation rules and the effect of that violation within the workers' compensation system. We do not decide, as it is not before us, what effect that decision may have in any further private or court dispute directly between the medical providers and petitioner regarding liability for payment for medical services that may have been provided in violation of the workers' compensation rules.

administration, regulation and enforcement of ORS 654.001 to 654.295, 654.412 to 654.423, 654.750 to 654.780 and this chapter."). OAR 436-010-0001(1) (2021) provides:

> "The purpose of these rules is to establish uniform standards for administering the delivery of and payment for medical services to workers *within the workers' compensation system*."

(Emphasis added.) Medical services that are not compensable under the Workers' Compensation Act are not within the workers' compensation system and are not subject to OAR chapter 436 or to the director's administrative authority. Thus, once the determination had been made that the disputed services were not compensable, the procedures set out in ORS 656.327 for the director's review of medical service disputes were not applicable.

The majority focuses its analysis on ORS 656.327, particularly ORS 656.327(1)(a), providing that

> "[i]f an injured worker *** believes that the medical treatment *** that the injured worker has received, is receiving, will receive *** is excessive, inappropriate, ineffectual or *in violation of rules regarding the performance of medical services*, the injured worker, insurer or self-insured employer must request administrative review of the treatment by the director prior to requesting a hearing on the issue and so notify the parties."

(Emphasis added.) Although that provision does unequivocally give an injured worker the right to seek administrative review of violations of rules relating to the provision of medical treatment, the statutory context makes clear that the right to request administrative review is limited to medical treatment disputes relating to compensable claims.

Additionally, unlike the majority, I do not think that petitioner's position is strengthened by the last sentence of ORS 656.327(2) ("The worker is not obligated to pay for medical treatment determined not to be compensable under this subsection."). As that subparagraph states, it applies to "medical treatment determined not to be compensable *under this subsection*." (Emphasis added.) The director's authority under ORS 656.327 is circumscribed by ORS 656.704(3)(b),

which limits the director's authority to matters *other than matters concerning a claim*. A *matter concerning a claim* is a dispute concerning the compensability of a condition for which medical treatment is sought or a dispute whether there is a sufficient causal relationship between the services and an accepted claim. Both such disputes are within the exclusive authority of the board. ORS 656.704(3)(b)(A) ("Any dispute that requires a determination of the compensability of the medical condition for which medical services are proposed is a matter concerning a claim."); ORS 656.704(3)(b)(C) ("Any dispute that requires a determination of whether a sufficient causal relationship exists between medical services and an accepted claim to establish compensability is a matter concerning a claim."). A dispute relating to the propriety of the treatment, *i.e.*, whether it is "excessive, inappropriate, ineffectual or in violation of the rules" is not a matter concerning a claim and is within the exclusive authority of the director. ORS 656.704(3)(b)(B). That latter determination of "compensability" is the one made by the director under ORS 656.327(2) and to which the last sentence of that subparagraph refers. A worker will not be required to pay for treatment of a compensable condition on an accepted claim that bears a sufficient causal relationship to the accepted claim if the director determines that the services are "excessive, inappropriate, ineffectual or in violation of the rules." ORS 656.704(3)(b)(B). Here, the condition for which petitioner sought treatment was not compensable, and the medical services have been determined not to bear a sufficient causal relationship to the accepted claim. Thus, contrary to the majority's view, the last sentence of ORS 656.327(2) could not absolve petitioner of the obligation to pay for the medical treatment.

My final qualm with the majority's analysis is that it would seem to permit private persons not subject to the Workers' Compensation Act to turn to the MRT to resolve their medical bills with a medical service provider also not subject to the Act. I have not found within ORS chapter 656 a statute that provides a worker with a remedy of relief from payment of medical bills for noncompensable medical services that fall outside of the workers' compensation system, even when the service provider did not comply with OAR

chapter 436. SAIF's unchallenged denial of compensability and the board's final determination that the disputed services were not for a condition related to the 2016 claim meant that the services were not within the Act. I would conclude, therefore, that the director did not err in determining that it did not have authority to address petitioner's request for relief from payment of the bills and did not err in dismissing petitioner's request. I therefore dissent.